State ex rel. Kellogg vs. Gary, County Judge, etc.

STATE ex rel. KELLOGG VS. GARY, County Judge, etc.

WRIT OF PROHIBITION. (1) *At what stage of proceedings it may be quashed.* (2) *When a proper remedy.* (3) *Cannot be used to try validity of tax assessed on personal property.* (4) *Jurisdiction of county judge in proceedings to collect such taxes.* (5) *Remedy of the tax payer in such case.*

| 33 | 93 |
| 86 | 646 |
| 33 | 93 |
| 88 | 263 |

1. An alternative *writ of prohibition* issued out of this court is *quashed* after return made, and issue of fact joined and tried, and verdict thereon returned to this court; it appearing that such writ was improvidently granted.

2. Under the statutes of this state (R. S., ch. 159, secs. 8–13), as well as at common law, *the writ of prohibition* does not issue to restrain the acts of executive or administrative officers, but only those of a court or other inferior tribunal, exercising some judicial power which it has *no legal authority to exercise.*

3. Where "supplementary proceedings" to collect a tax upon relator's personal property were instituted before a county judge in conformity with the provisions of § 119, p. 424, Tay. Stats.: *Held*, that if the proceedings are judicial, there being no usurpation of any power not conferred by the statute, the writ of prohibition will not lie; and if the duties imposed upon the judge by the statute are merely ministerial, then the writ will not lie.

4. If such proceedings are judicial, the *jurisdiction* of the judge or court commissioner (or his power to make a valid order requiring the person against whom the tax is assessed to appear and answer concerning his property) depends wholly on the making and presentation to him of the affidavit and other papers required by the statute; and it does *not* depend on the *validity of the assessment.*

5. [Per DIXON, C. J.

1. Whether the tax payer can, in the supplementary proceedings, impeach the validity of the assessment; whether he may have those

proceedings stayed to enable him to have the assessment set aside; whether the action of the judge or commissioner in such a case is reviewable; and whether, if so, a motion in the circuit court to vacate, or a common law *certiorari*, is the proper remedy — *quære*.

2. The invalidity of the assessment, the inability of the relator to avail himself of his objections thereto, in the supplementary proceedings, or even the absence of any other remedy, would not authorize the issue of a *writ of prohibition* in such a case.

3. Where taxes have been illegally assessed upon personal property, the owner may pay the tax under protest, and then recover, in an action at law, the amount paid with interest and costs; or, if his property is sold to pay such tax, he may recover its value.]

APPLICATION for a *Writ of Prohibition.*

In July, 1872, the relator filed a petition in this court, which stated, in substance, that he left the city of Oshkosh, in this state, on the 23d of January, 1871, to reside in the city of Chicago, in the state of Illinois; that on that day he removed his personal property to the last named city, and became, and for a long time thereafter was, a citizen thereof; that since said date he has not resided in the city of Oshkosh, nor in the state of Wisconsin; that the assessor of Oshkosh, in making up his assessment roll for 1871, entered therein the name of the petitioner as liable to taxation in said city, and assessed him on furniture $500, and on notes and mortgages held by him as cashier $81,000; that a tax was levied on said assessment, and a tax warrant issued thereon, and, the city treasurer not being able to collect the tax, a warrant was placed in the hands of the sheriff, who returned *nulla bona;* and that affidavits were made and presented to the *Hon. George Gary* (who was county judge of Winnebago county), and thereupon he made an order for an examination of the petitioner concerning his property. The petition prayed for a writ of prohibition addressed to *Judge Gary* to forbid his further proceeding with said examination. An alternative writ having been granted and served, the respondent appeared and filed an answer; and thereupon an order was made transmitting the record to the circuit court for Outaga-

mie county, for the trial of the issues of fact made by the petition and answer. Such trial was had at the November term of said court; and the jury found, under the instructions of the court, that on the 1st of May, 1871, the relator was not a resident of the city of Oshkosh, and had no agent and no place of business in said city. The verdict having been duly returned into this court, the respondent moved to quash the alternative writ.

*Gabe Bouck*, for the motion, argued that the writ of prohibition is granted only to restrain a court, or an inferior tribunal, when guilty of a *usurpation of jurisdiction* in the exercise of *judicial power* (Crary's N. Y. Pr., 309; *Ex parte Braudlacht*, 2 Hill, 367; *People v. Sup'rs*, 1 id., 196; *Quimbo Appo v. The People*, 20 N. Y., 540; *Home Ins. Co. v. Flint*, 13 Minn., 244; *State v. Judge*, 14 La. Ann., 504; *Board of Com. v. Spitler*, 13 Ind., 235; *State v. Wakeley*, 2 Nott & Mc., 410); that it will not issue to a court or inferior tribunal when acting in a ministerial or administrative capacity (*Ex parte Braudlacht, supra; Matter of Mt. Morris Square*, 2 Hill, 14; *State v. Clark Co. Court*, 41 Mo., 44; *Vitt v. Owens*, 42 id., 512); that where the subject matter is within the jurisdiction of an inferior tribunal, the writ will not issue, although such tribunal may err in its judgment (*People v. Court of Com. Pleas*, 43 Barb., 280; *Grant v. Gould*, 2 H. Black., 100); nor unless the inferior court clearly exceeds its power (*Washburn v. Phillips*, 2 Met., 296). He further argued that the writ would not have been issued to the assessors, because, even if they erred in judgment in finding that the relator was liable to assessment in Oshkosh, it was merely an error and did not affect the jurisdiction; that it was part of the office and duty of the assessors to determine what persons and what property were assessable in that city; that, moreover, the writ could not issue *now* upon the ground that the assessors *then* erred in their findings of the facts upon which they made the assessment, because it is used only to arrest proceedings, and not as a remedy for acts already completed (*Dayton v. Payne*,

13 Minn., 493); that the clerk in making out the tax roll and warrant, the city treasurer in making his delinquent return, the county treasurer in issuing his warrant or execution and making complaint, were all acting indisputably within the line of their duty, and without any taint of usurpation; that neither the assessors, clerk, city or county treasurer, or sheriff were engaged in performing *judicial* duties, and therefore the writ would not lie to them (*People v. Sup'rs*, 1 Hill, 196; *Casby v. Thompson*, 42 Mo., 133); that in supplementary proceedings it is the *judgment* or *execution* which gives the county judge or court commissioner jurisdiction, and he cannot go back to inquire whether there was error in decisions as to matters of fact in the proceedings prior to the judgment or execution, nor is his jurisdiction affected by any such error (*O'Neil v. Martin*, 1 E. D. Smith, 404; *Saunders v. Hall*, 2 Abb., 418). To the point that the acts of a court commissioner or county judge in supplementary proceedings are not of a judicial nature, he cited *In re Booth*, 3 Wis., 1; *Ex parte Braudlacht*, 2 Hill, 367. To the point that the writ will not issue where there is an adequate remedy at law, he cited *State ex rel. Rogers v. Judge, etc.*, 11 Wis., 50; *Ex parte Braudlacht, supra; People v. Wayne Cir. Ct.*, 11 Mich., 393; *James v. Comm'rs*, 13 Pa. St., 32; *Ex parte Smith*, 34 Ala., 455; and to the point that the relator had an ample remedy at law in this case, *Van Cott v. Board of Supervisors*, 18 Wis., 247; *Ch. & N. W. R'y Co. v. Borough of Ft. Howard*, 21 id., 44.

Dixon, C. J. Counsel for the respondent objects that the writ of prohibition will not lie in this case, and insists that the same should be quashed. If the alternative writ was improvidently issued, and the relief sought by the relator is not obtainable in this form of proceeding, it follows that the objection must prevail, although not made until after the issues of fact joined have been tried, and the verdict of a jury taken and returned thereon. If the remedy is not the appropriate one, and

State ex rel. Kellogg vs. Gary, County Judge, etc.

no writ should be granted the objection may of course be raised at any time before final judgment, and is not waived because no motion to quash was interposed before trial of the issues taken upon the matters stated and relied upon in the return. The court is of opinion that the writ does not lie in a case like this.

A most full and accurate definition of the nature of the remedy and office of the writ is that given by Blackstone, 3 Com., 111, 112. He says: "The other injury, which is that of encroachment of jurisdiction, or calling one *coram non judice*, to answer in a court that has no legal cognizance of the cause, is also a grievance for which the common law has provided a remedy by the writ of *prohibition*. A prohibition is a writ issuing properly out of the court of the King's Bench, being the king's prerogative writ; but, for the furtherance of justice, it may now also be had in some cases out of the court of chancery, common pleas or exchequer, directed to the judge and parties of a suit in any inferior court, commanding them to cease from the prosecution thereof, upon suggestion that either the cause originally, or some collateral matter arising therein, does not belong to that jurisdiction, but to the cognizance of some other court." Changing only the name of the court from which the writ issues, these words define with exactness the nature and extent of the remedy as known and applied in the law of this country. See authorities cited by counsel for respondent, and in *State ex rel. v. Braun et al.*, 31 Wis., 603. The statute declares that the writ shall only be issued out of this court, and regulates the practice in some particulars, but in no way enlarges the remedy as it exists at common law. The issuing of the writ is confined to cases where it would be proper at the common law. R. S., ch. 159, secs. 8 to 13 inclusive; 2 Tay. Stats., 1805, 1806, §§ 8 to 13. It is noticeable that the statute speaks of the writ as being only directed to and served upon "the court and party," commanding them "to desist and refrain from any further proceedings in the action or matter speci-

fied therein," thus showing that the office of the writ is merely to restrain a court when, in the exercise of judicial power, it has usurped a jurisdiction which does not belong to it. The writ has no other office, either at common law or under the statute, and hence is exceedingly circumscribed in its operation. It does not issue to restrain the acts of either executive or administrative officers, but only those of a court or other inferior tribunal engaged in the exercise of some judicial power, and that not merely in a manner not authorized by law, but it must also be in defiance of law, or without any legal authority whatever for that purpose.

Such being the nature and use of the writ, it follows very clearly that it should not be awarded in this case. Either *Judge Gary* was proceeding in the exercise of judicial power at the time the alternative writ went out to restrain him, or he was not; and, for the purposes of our present inquiry, it is immaterial which. If in the exercise of judicial power, it was a power expressly conferred upon him by law. The proceedings instituted and pending before him, and which it is the object of this writ to restrain, were those supplementary ones authorized by chapter 174, Laws of 1867; 1 Tay. Stats., 424, § 119. If the duties thus imposed upon him were judicial in their character, then the performance of them by him was no encroachment of jurisdiction, no usurpation of judicial power on his part, and so the writ cannot be issued. If, on the other hand, he was engaged in the performance of duties or acts, not judicial, but ministerial or executive in their nature, the writ can no more be granted. It is of no moment, therefore, to inquire into the nature of the proceedings pending before him; for if they were judicial they were authorized, and if such was not their character, the writ of prohibition cannot be awarded, to restrain them.

Neither is it of any importance to consider whether the defense of the relator against the taxes assessed and the payment of which is demanded of him, can be urged or heard in the

proceedings before *Judge Gary* or not.  Assuming the ground of his objections to the validity of the taxes, and which has been affirmed by the verdict of the jury in this case, to be unavailable in those proceedings, still the writ of prohibition can not go.  It is of the very nature of the process that it cannot be applied in restraint of such proceedings in whatever light they may be viewed ; and that, too, whether the relator is without any other adequate remedy in the premises or not.    In truth, however, it seems the relator has such remedy.   He has the same remedy, which, according to the decisions of this court cited by counsel for the respondent, would operate to defeat an application for an injunction, if made to a court of chancery under the same circumstances.   Chancery does not interfere to restrain proceedings for the collection of taxes illegally assessed upon personal property, because the owner has an adequate remedy by action at law.    If his property be seized and sold, he may sue for and recover its value ; or he may pay the taxes under protest, and then obtain judgment and satisfaction at law, for the sum paid, with interest and costs of action.    These remedies are open to the plaintiff ; and if they constitute valid ground for refusing the writ of prohibition in any case, they would seem to in one like this, if it were otherwise a proper one for the application.

It follows from these views that the alternative writ heretofore issued must be quashed.

*By the Court.* — It is so ordered.  ·

On a motion for a rehearing, *Finches, Lynde & Miller*, for the relator, argued, in substance, that under sec. 8, ch. 150, R. S., this writ is not to issue unless sufficient cause is shown; and the allowance of the writ was therefore *an adjudication* that the facts stated in the petition were a sufficient ground for a prohibition.  2. The writ was granted on due notice.   The respondent *took issue on the facts.*   Under the order of this court a trial has been had of that issue, and the facts alleged in the

petition are affirmed by the finding of the jury. The subsequent decision of this court not only deprives the relator of the legal effect of a trial on the merits, but makes him pay all the costs and expenses of a trial incurred upon the faith of that order. 3. This writ was in the nature of *process*, and was issued by a court of competent jurisdiction. The respondent *waived* all questions as to the validity of the process, voluntarily entered a general appearance, answered denying the facts, and went to trial upon the issue thus raised. It was *too late* for him then to move to set aside the writ. *Hobart v. Frost*, 5 Duer, 672. 4. The judge before whom supplementary proceedings are had under ch. 134, R. S., exercises therein *judicial powers*. If there is danger that the debtor may leave the state or conceal himself, and reason to believe that he has property, which he unjustly refuses to apply on the execution, the judge may issue a warrant requiring the sheriff of any county where the debtor may be, to arrest him and bring him before such judge; and this he may do "upon proof by affidavit or otherwise *to his satisfaction*." When the debtor is arrested, he is to be brought before the judge; and if it then appears that there is danger of his leaving the state and that he has property etc., he may be ordered to give an undertaking with one or more sureties "that he will from time to time attend before the judge, as he shall direct;" and, in default of entering into such undertaking, "he may be committed to prison by warrant of the judge as for a contempt." If this is not judicial power, what is? And no court has power to review the orders thus made, by appeal or writ of error. 5. To give *Judge Gary* power to proceed with the examination of the relator, the following facts must exist: (1.) A tax must be levied upon property subject to taxation within the county of Winnebago. (2.) A warrant for the collection of the tax must be issued and delivered to the proper officer. (3.) The warrant must be returned uncollected. (4.) An affidavit must be made setting out certain specified facts. The fact that a *tax has been levied* is the founda-

tion of the proceedings. But a tax cannot be levied in the city of Oshkosh against a nonresident of Wisconsin, unless he has an agent or place of business in that county. The relator was a nonresident of the state, and had no agent or place of business in Oshkosh. There would then be no tax against him; and if not, then the statute gave the judge no jurisdiction to examine him concerning his property, or do any of the acts mentioned in the statute relative to supplementary proceedings. *People v. Works*, 7 Wend., 486; *Burder v. Veley*, 12 Ad. & El., 233; Buller's N. P., 218; *Howe v. Nappier*, 4 Burr., 1950; *Ex parte Smith*, 23 Ala., 123; *State v. Hopkins*, Dudley (S. C.), 107; *State v. Nathan*, 4 Rich. (S. C.), 515; *Quimbo Appo v. The People*, 20 N. Y., 531; An *ex parte* affidavit presented to *Judge Gary*, stating that a tax had been duly levied, when in fact no tax had been levied, may have been conclusive on *Judge Gary*, but it is not conclusive upon all other courts, and all the parties. And if it is not conclusive, and the real fact may be shown, what remedy so proper as a writ of prohibition? Jurisdiction must be prejudicated upon actual facts, and not upon false or mistaken statements of the facts. *Marsden v. Wardle*, 25 Eng. L. & E., 126; *Thompson v. Ingham*, 68 Eng. C. L., 710; *Baldwin v. Cooley*, 1 S. C., 256; *Ramsay v. Court of Wardens*, 2 Bay, 180; *Zylstra v. Corporation*, 1 Bay, 387.

Counsel also argued that if this writ were denied, the relator had no other prompt and adequate remedy.

The motion for a rehearing was denied.

DIXON, C. J. If the proceeding before *Judge Gary* was not judicial, the writ of prohibition was not the proper process to restrain him. This proposition, asserted in the former opinion, is not controverted by counsel for the relator in their argument in support of the motion for a rehearing.

If, on the other hand, it was a judicial proceeding, as the same counsel now contend, then the question arises, whether there was any want of jurisdiction, or excess or usurpation of

power, on the part of the county judge. Counsel argue at great length that *Judge Gary* was acting without jurisdiction, and hence that it was a proper case for the writ. Taking for true (which we suppose may properly enough be done) the facts found by the jury on the trial of the issue made on the application for the writ, namely that the relator was not a resident of the city of Oshkosh at the time of the assessment, and so not liable to taxation there, the position assumed by counsel is, that since the taxing officers had no jurisdiction to make the assessment, none could follow or was conferred upon the respondent under and by virtue of the proceedings instituted before him. It is not objected that the roll and all other papers connected with the alleged assessment were not fair and regular on their face, nor that the affidavit prescribed by the statute was not duly made and presented to the respondent as the foundation of the order made by him. Under these circumstances, the question as to what constituted jurisdiction or authority to act on the part of the county judge, is one with regard to which this court differs very widely from the learned counsel. Counsel are of opinion that jurisdiction in such case depended on the fact of taxability, or whether the property of the relator was properly assessed in the city of Oshkosh. We think that circumstance did not enter at all into the consideration of the question. Our view was, and still is, that jurisdiction in the proceeding, or the power to make and issue the order requiring the relator to appear and answer concerning his property, depended wholly on the making and presentation to the judge of the affidavit and other papers required by the statute. We then thought, and still think, the affidavit being properly made and presented and other papers shown to authorize the proceeding under the statute, that the jurisdiction given by the statute at once attached, and that in no event or upon no subsequent development of facts could it be said to have been lost, or that the proceeding was *coram non judice.* We were then of opinion, and our views still remain un-

State ex rel. Kellogg vs. Gary, County Judge, etc.

changed, that jurisdiction in such case did not depend upon the validity of the assessment or the truth or falsity of the statements contained in the affidavit. Whether the taxing officers were right or wrong in assuming that the relator was a resident of, and that his personal property was taxable in the city of Oshkosh, we considered questions quite foreign to the inquiry upon the point of the jurisdiction of the county judge to make the order. In this position we think we were sustained by numerous well considered authorities, and we know of none to the contrary. We were sustained by the decision of this court in *Arnold v. Booth*, 14 Wis., 180, where the distinction, apparently overlooked by learned counsel here, between those objections which go to the cause of action or complaint, and those which go to the jurisdiction of the court or officer exercising judicial power, is clearly pointed out. The distinction to our minds is a very plain one, and was again recognized and enforced in the case of *Hauser et al. v. The State*, decided at this term.* We can not better express our views upon this subject than by quoting the language of Mr. Freeman, which itself, in turn, is the language of courts of the highest respectability and authority, cited by him. He says: " The power to hear and determine a cause is jurisdiction ; it is *coram judice* whenever a case is presented which brings this power into action ; if the petitioner states such a case in his petition, that on a demurrer the court would render judgment in his favor, it is an undoubted case of jurisdiction. Before this power can be affirmed to exist, it must be made to appear that the law has given the tribunal capacity to entertain the complaint against the person or thing sought to be charged or affected ; that such complaint has been preferred, and that such person or thing has been properly brought before the tribunal to answer the charge therein contained. There can be no doubt that the filing of a

---

*The case here cited was held upon a motion for rehearing, and will be found near the end of this volume. REP.

petition or complaint such as ought not to be deemed sufficient on demurrer, may confer jurisdiction. The power to decide upon the sufficiency of a cause of action as presented by the complainant's pleading, like the power to decide any other legal proposition, though erroneously applied, is binding until corrected by some superior authority." Freeman on Judgments, § 118. The same principles have been frequently affirmed by this court. *Pollard v. Wegener*, 13 Wis., 569, 573; *Wanzer v. Howland*, 10 id., 8; *Howe v. McGivern*, 25 id., 525.

It is obvious from the foregoing statement of general principles, that the jurisdiction here consisted in the capacity given the county judge by law to make the order upon presentation to him of the required affidavit. In case of special authority thus conferred upon courts or judicial officers by statute, and specifying the manner in which such authority shall be exercised, the rule as to what constitutes jurisdiction is equally well settled. Speaking of such authority, specially conferred by statute, to issue a writ of attachment, the court of appeals, in *Staples v. Fairchild*, 3 N. Y., 41, 46, say: "There was conferred upon the judge who issued the attachment, a special and limited jurisdiction. It is well settled, that when certain facts are to be proved to a court having only such a jurisdiction, as a ground for issuing process, if there be a total defect of evidence as to any essential fact, the process will be declared void, in whatever form the question may arise. But when the proof has a legal tendency to make out a proper case, in all its parts, for issuing the process, then, although the proof may be slight and inconclusive, the process will be valid until it is set aside by a direct proceeding for the purpose. In one case the court acts without authority; in the other it only errs in judgment upon a question properly before it for adjudication. In one case, there is a defect of jurisdiction; in the other, there is only an error of judgment. Want of jurisdiction makes the act void; but a mistake concerning the weight of evidence only makes the act erroneous, and it will stand good until reversed."

This topic of special powers conferred by statute is treated by Mr. Freeman in § 123, and following. In § 126, he says: "Where, in a proceeding by attachment, the ground required by the statute for the issuing and execution of the process has been laid, and the process has been issued and executed, the jurisdiction of the court is complete."

It appears to us that the question raised as to the jurisdiction of *Judge Gary* is altogether like that which would have been presented upon the allowance of a writ of attachment by him, had he been authorized and required to allow and issue such writ, and had he done so upon an affidavit stating the precise facts required by the statute. Falsehood or mistake in the affidavit, or the fact, subsequently ascertained, that the plaintiff had no cause of action to sue upon, could not have affected the jurisdiction. Quashing the writ because the facts authorizing it to be issued were found on subsequent trial or examination not to have existed, would not have shown that the acts of the judge were *coram non judice*, or that he was guilty of any usurpation of judicial power. A writ of prohibition in such a case, prayed and allowed on the ground of the falsity or mistake in the affidavit, would, it is believed, be something entirely new and unprecedented in the practice.

Enough has been said, we believe, to mark the difference between this case and those cited and relied upon by the learned counsel, and to show their inapplicability. If the proceeding was judicial, it is clear to us that there was no want of jurisdiction on the part of *Judge Gary*, and therefore that the writ of prohibition ought not to have issued to restrain him.

It might be interesting, but it is strictly unnecessary, to inquire whether the invalidity of the assessment could be shown in the proceeding before *Judge Gary*. In supplementary proceedings to enforce the payment of a judgment, the courts of New York have held that the validity of the judgment can not be inquired into, but that, on a proper case being made, the proceedings may be stayed to enable the debtor to apply to set

the judgment aside. Whether the same rule would obtain in supplementary proceedings under our statute to compel the payment of taxes, and the taxpayer be precluded from showing that there was no lawful assessment or claim for the taxes, is, as just observed, a question we are not now required to determine. It is noticeable, however, that by the same section of the statute, in the action authorized to be brought by the county treasurer to recover the unpaid taxes, the assessment roll and town treasurer's warrant and return are but *prima facie* evidence of the tax. And see also *Nazro v. The Merchants' Mutual Ins. Co.*, 14 Wis., 295, where the principle of statutory interpretation adopted would seem in some measure to favor the right of the taxpayer to impeach the assessment and show that no lawful demand for taxes existed.

Neither is it necessary for us here, supposing the proceeding to be judicial, to solve the questions presented by counsel as to the mode of reviewing the action of a county judge or court commissioner, or whether the same can be reviewed at all or not. If the order or decision is reviewable, and the proceeding be one properly denominated "special," within the meaning of subdivision 2 of section 10, ch. 264, Laws of 1860 (2 Tay. Stats., 1635, § 11), then a motion in the circuit court to vacate, as provided in subdivision 5 of the same section, has been suggested. Such is understood to be the proper method for reviewing orders made in supplementary proceedings upon judgments rendered in the circuit court, or where transcripts have been filed in that court. Again, it has been suggested, if there be no other means provided, that the common law writ of *certiorari* will lie to correct any errors or mistakes which intervene, according to the views expressed in *Milwaukee Iron Co. v. Schubel*, 29 Wis., 444. We refrain from the expression of any opinion upon these questions, believing that they should only be considered when a case arises making it necessary to consider and decide them.

*By the Court.* — Motion for a rehearing denied.