Muhler *et al. v.* Hedekin *et al.*

Judgment affirmed.

Filed March 30, 1889.

## ON PETITION FOR A REHEARING.

Filed June 26, 1889.

———◆———

No. 14,238.

MUHLER ET AL. *v.* HEDEKIN ET AL.

CITY.—*Common Council.—Power to Remove Officers.*—The common council of a city has power to remove a corporate officer, for neglect or violation of duty, whether such officer be elected by that body or by the people.

SAME.—*Water-Works Trustees.—Charges Against.—Power to Investigate.*—The common council has power to entertain and inquire into the truth of charges of malfeasance in office, preferred against trustees of the waterworks, and to remove any or all of these officers for cause shown.

SAME.—*Injunction.*— *When will not be Issued.*—It is not within the jurisdiction of a court of equity to enjoin the common council of a city from proceeding to hear and investigate charges preferred against water-works trustees, or other municipal officers, and from removing them from office.

SAME.—*Common Council not a Judicial Body.*—A common council is not a judicial body, and in the examination of charges preferred against a municipal officer, with a view to determine whether he shall be removed, and in removing him, it does not act judicially in such a sense as to subject its proceedings to the jurisdiction of a court of chancery, either by way of prohibition or injunction.

From the Allen Superior Court.

*H. Colerick* and *W. S. Oppenheim,* for appellants.

*A. Zollars, W. G. Colerick* and *A. A. Purman,* for appellees.

MITCHELL, J.—The plaintiffs, Hedekin, Kunkle and Meyer, instituted this proceeding against the common council of the city of Fort Wayne to enjoin the latter from investigating or hearing certain accusations made against the plaintiffs as trustees of the city water-works, and from removing them from their respective offices upon certain charges alleged to have been lodged with the common council against them. It is alleged in the complaint that controversies between the common council and the plaintiffs, as trustees, concerning the conduct of the water-works, had resulted in the preferring of certain false and unfounded charges of malfeasance and misconduct in office against the plaintiffs, as trustees, and that the common council had given them notice to appear, and that they were about to proceed to hear and investigate the charges so preferred, and that their purpose was to remove the plaintiffs from their respective offices as trustees of the water-works, to their irreparable damage, etc. The complaint abounds in general statements, to the effect that the common council was acting corruptly and unlawfully, and that the members were instigated by feelings of hostility, prejudice and malevolence, but these add nothing to its force or legal effect. The prayer of the complaint is that the de-

fendants be restrained from hearing or investigating the charges, or from deposing or removing the plaintiffs from their respective offices.

The court gave judgment according to the prayer of the complaint. Two questions are presented for decision :

1. Has the common council of a city power to entertain and inquire into the truth of charges of malfeasance in office, preferred against trustees of the water-works, and to remove any or all these officers for good cause shown ?

2. Is it within the jurisdiction of a court of equity to enjoin the common council of a city from proceeding to hear and investigate charges preferred against water-works trustees, and from removing them from office ?

As necessary to the good government of municipalities, the power to remove officers of the corporation for reasonable and just cause was one of the common law incidents of all corporations. Accordingly, the better opinion seems to be that, in the absence of any express or implied restriction in the statute, a common council possesses the incidental power, for just cause, and under proper regulations, to remove a corporate officer, whether elected by it or by the people. 1 Dill. Munic. Corp., sections 240–242.

Regardless of what the rule of the common law may have been, the power of a common council in respect to the subject under consideration is not left in doubt, or to mere implication, by the statute. Section 3101, R. S. 1881, confers express authority upon the common council of a city for the expulsion or removal, by a two-thirds vote, of any member thereof, or of any officer of the corporation, whether elected or appointed, and requires the council to make provision in its by-laws or ordinances concerning the mode in which charges. shall be preferred, and for the hearing thereof. This section has general application to all officers of the municipality, and must, therefore, include trustees of the water-works, as well as other officers charged with corporate duties.

The Constitution provides that "All State, county, town-

ship; and town officers may be impeached, or removed from office, in such manner as may be prescribed by law." Section 8, article 6. This section imposed the duty upon the Legislature to make provision for the removal, for just cause, of all town officers, which means city officers as well. Of course an officer can only be removed for some specified neglect or violation of duty imposed or defined by law.

If anything were needed, in addition to the above statute, to make it certain that trustees of the water-works were amenable to the common council for misconduct in office, it is found in section 3278, R. S. 1881, which provides that the common council shall be authorized, through a committee, to investigate the books and papers, together with all matters pertaining to the management of the water-works, and in case of neglect of duty or malfeasance on the part of any officer connected therewith, to remove the officer so offending. We agree that the trustees of the water-works are, in some respects, independent of the common council, so far as the management and control of the water-works is concerned, but they are, as we have seen, nevertheless answerable to, and liable to removal by, the council for official delinquency and malfeasance in office. *City of Madison* v. *Korbly,* 32 Ind. 74.

This brings us to consider the second question. Assuming, as we must, that the council was about to proceed to investigate charges which had been preferred against the plaintiffs as individual trustees, and not as a board, in the mode provided by the by-laws or ordinances of the city, and that the hearing was to be had conformable to duly adopted by-laws or ordinances, it is at once clear upon principle and upon the most indubitable authority that it was not within the jurisdiction of the court to arrest its proceedings by injunction. Courts of chancery are not invested with power over the subject of removals of public officers, no matter in whom the power to make removals is vested. The subject-matter of their jurisdiction relates to civil property. Injury

to property, actual or threatened, is the foundation to chancery jurisdiction. It is not concerned with matters of a political nature. *Sheridan* v. *Colvin*, 78 Ill. 237; 2 High Injunc., section 1312. The general principle that equity possesses no power to revise, control or correct the action of public, political or executive officers or bodies, is, of course, well understood. It never does so at the suit of a private person, except as incidental and subsidiary to the protection of some private right, or the prevention of some private wrong. *Judd* v. *Town of Fox Lake*, 28 Wis. 583; *Pedrick* v. *City of Ripon*, 73 Wis. 622.

An officer who has been wrongfully removed by a common council, acting without authority, may have a remedy by mandamus to be restored to the possession of the office from which he has been illegally removed. *State* v. *Common Council*, 9 Wis. 254.

We are not, however, aware of any case in which it has been held that a court of chancery might entertain a bill to enjoin the removal of a municipal officer against whom charges of misconduct in office had been preferred; on the contrary, the authorities uniformly hold that proceedings in the nature of an official inquiry concerning the conduct of an officer, by a common council or other body having cognizance of the subject, the possible end being the removal of the officer, are wholly beyond the control of a court of equity. Thus, in *In re Sawyer*, 124 U. S. 200, as is correctly stated in the head-note, it was held that the circuit court of the United States had no jurisdiction or authority to entertain a bill in equity to restrain the mayor and committee of a city in Nebraska from removing a city officer upon charges filed against him for malfeasance in office, and an injunction issued on such a bill, as well as an order committing the defendants for contempt in disregarding the injunction, was absolutely void. So, in *Dougan* v. *District Court, etc.*, 22 Am. Law Reg. 528, where it appeared that a city council was proceeding to investigate charges with a view of re-

moving an officer, it was held that an order of court staying proceedings, and to show cause why a writ of prohibition should not issue, was beyond the jurisdiction of the court, and, therefore, void.    In the application of like principles, it was held in *Delahanty* v. *Warner*, 75 Ill. 185, that a court of chancery had no jurisdiction to entertain a bill for an injunction to restrain the mayor and aldermen of a city from unlawfully removing the plaintiff from the office of superintendent of streets.    See, also, *Smith* v. *Myers*, 109 Ind. 1; *Cochran* v. *McCleary*, 22 Iowa, 75; *Sheridan* v. *Colvin, supra*; *Poyer* v. *Village of Des Plaines*, 123 Ill. 111; *Beebe* v. *Robinson*, 52 Ala. 66; *Moulton* v. *Reid*, 54 Ala. 320.

The effect of the restraining order in the present case was to command the common council to suspend all further proceedings in the matter which they were about to inquire into. This was, in substance and effect, a writ of prohibition, the office of which, according to Blackstone, is to command the judge and parties to a suit, in any inferior court, " to cease from the prosecution thereof, upon the suggestion that either the cause originally, or some collateral matter arising therein, does not belong to that jurisdiction, but to the cognizance of some other court." *Board, etc.,* v. *Spitler*, 13 Ind. 235; *State* v. *Gary*, 33 Wis. 93; High Ex. Leg. Rem., sections 762–769.    While the order was nominally an injunction or restraining order, it was, in essence and effect, when issued, a writ of prohibition, which was and is only issuable to an inferior tribunal while acting in a judicial capacity, and not to a person or tribunal while engaged in the exercise of merely administrative or ministerial functions which in no way affect property rights.    *Home Ins. Co.* v. *Flint*, 13 Minn. 244.    A common council is not a judicial body, and in the examination of charges preferred against a municipal officer, with a view to determine whether he should be removed, and in removing him, it does not act judicially in such a sense as to subject its proceedings to the jurisdiction of a court of

chancery, either by way of prohibition or injunction. The acts of a common council in that regard are merely the exercise of political power, and are administrative or ministerial in character, and so long as acts of that nature are within the discretion committed to that body, or do not cast a cloud upon, or affect the title to civil property, or interfere with individual property rights, the officers are not subject to the control of the court by the exercise of its restraining or prohibitory power. *Donahue* v. *County of Will*, 100 Ill. 94.

We by no means intend to assert that the duty may not be imposed upon the courts to determine whether or not the common council of a city may not have acted outside of its authority, when it has assumed to act upon matters not entrusted to it; or that courts will not in proper cases, and on proper application, restrain all inferior officers and bodies, and compel them to act within the limits of the law, when such officers or bodies are assuming to act upon matters not committed to their discretion; nor do we hold that an officer unlawfully removed or interrupted in the discharge of his official duties is remediless. What we mean to assert is, that acts that are within the discretion of the governing body of a city, or acts which are absolutely void and do not in some way affect or threaten individual property rights, or the interests of taxpayers, are not subject to the control of courts of chancery. If, therefore, it were conceded that the common council of a city was about to proceed to hear charges preferred against an officer over whom it had no power or control whatever, with a view of adopting a resolution looking to his removal or expulsion from office, a case would not be presented for the exercise of the chancery powers of the court. Such a resolution would be without any effect whatever, and the law affords adequate means for the protection of one in office against mere harmless assumptions, such as that supposed, without resorting to a court of equity.

In every aspect in which the case may be considered, the order of the court was in excess of its jurisdiction.

The judgment is, therefore, reversed, with costs.

Filed March 26, 1889; petition for a rehearing overruled June 26, 1889.