STATE EX REL. CITY OF INDIANAPOLIS *v.* MARION COUNTY SUPERIOR COURT, RM. NO. 2, WILBUR H. GRANT, JUDGE.

[No. 30,900. Filed May 11, 1966.]

*James W. Beatty,* of Indianapolis, for relator.

*Lloyd L. DeWester, Jr.,* of Indianapolis, for respondent.

RAKESTRAW, J.—This is an action by the relator requesting a writ of prohibition directing the respondent court to refrain from further proceedings in Cause No. S265-788, which is an action filed by Morris Settles, as Mayor of the town of Lawrence, etc., against various defendants. The cause in which further action is sought to be prohibited is a cause which purports to question the constitutionality of chapter 434 of the Acts of 1965 [Burns' Ind. Stat. Anno. §§ 53-902 to 53-982a (1965 Supp.)], and to procure an injunction against proceedings under that act.

The relator urges that there was a certain Cause No. S665-755 pending in the Marion Superior Court, Room No. 6, which cause of action was for the same purposes, and in which it is alleged that all of the parties in the first suit were made parties-defendant. The relator urges that the respondent court should be prohibited from taking any action in its case because the case in Superior Court, Room No. 6 is still pending and undisposed of, and it involves the same subject matter and all of the parties in the action being questioned. Such plea in abatement has not yet been ruled on. The record does not show any other motion being tendered to the respondent court, and no ruling of the respondent court is shown.

On December 30, 1965, this court granted a temporary writ of prohibition.

Briefs have been filed on behalf of the relator and the respondent. Said briefs argue in detail that the action involved in the court below is or is not an action in rem; that the

issues in the cause below and the other cause urged as a basis for the plea in abatement are or are not the same; and that the parties involved in the two causes are or are not the same. However, in view of the record as submitted to us, we deem it unnecessary to go into the merits of the issues raised.

Rule 2-35 of the Rules of this court provides in part as follows: ". . . Except in cases involving a change of venue, no petition for a writ of prohibition will be entertained until the relator has first attacked the want or excess of jurisdiction of the trial court by a written motion, brought to the attention of the judge of the trial court, which has been denied or not promptly acted upon. . . ." The only pleading shown by the record which was filed in the respondent court was the plea in abatement. This plea was filed one day before the writ was sought in this court. The trial court did not have an opportunity to rule on the plea in abatement, and no other motion or request was brought to the attention of the trial court.

As a general rule, we must assume that trial courts will take the proper action, even where the issue goes to the jurisdicton or lack of jursdiction of the trial court. Until the trial court has shown by some ruling or refusal to act that it is exceeding or failing to exercise its jurisdiction, there is no basis for action in this court.

Since it thus appears that the relator's petition for writ of prohibition was premature, the temporary writ heretofore issued is now dissolved and the permanent writ as sought is now denied.

Myers, C. J., Arterburn and Jackson, JJ., concur. Achor, J., not participating.

NOTE.—Reported in 216 N. E. 2d 349.