STATE of Indiana, ex rel. TOWN OF CEDAR LAKE, Indiana, and Florence Wahlberg, Kenneth McAllister, Charles Bernhardt, Frank King, M.D., and Lamont A. Wolff, as members of the Board of Trustees of the Town of Cedar Lake, Indiana, Relators,

v.

The LAKE SUPERIOR COURT, CIVIL DIVISION, ROOM 3 and the Honorable James Danikolas, as Judge Thereof, Respondents.

No. 1081S294.

Supreme Court of Indiana.

Feb. 2, 1982.

Jim B. Brown, Crown Point, for relators.

J. Michael Katz, Katz, Brenman & Angel, Merrillville, for respondents.

GIVAN, Chief Justice.

Relators petitioned this Court for a Writ of Prohibition and Mandamus to compel the respondent court to lift a temporary restraining order the latter had issued. The trial court's order forbade the Board to enact any ordinances revoking or otherwise impairing the temporary business license of Great Oaks Outdoors, Inc. (hereinafter Great Oaks), an outdoor movie theater in Cedar Lake featuring adult movies. We granted a partial writ to prohibit the respondent from interfering with the legislative process of the Board of Trustees of the Town of Cedar Lake.

Great Oaks had been operating its business in Cedar Lake since 1970. On June 11, 1980, Ordinance 292 was passed by the Board. This ordinance required Great Oaks to make certain modifications in its physical plant and operational procedures. Great Oaks continued to operate under a temporary business license issued May 27, 1981. During the summer of 1981, Great Oaks moved to comply with the terms of the ordinance in all respects. On September 9, 1981, the Board approved the first reading of Ordinance 322, which would repeal Ordinance 292 upon its final adoption scheduled for October 14, 1981.

Great Oaks filed suit against the Board, contending the contemplated passage of Ordinance 322 was an act of relators intended to "attempt in an arbitrary and capricious manner to effectively deny the issuance of a business license to Great Oaks Outdoors, Inc." Great Oaks also contended various portions of Ordinance 292 were unconstitutional in that they violated the Equal Protection and Due Process clauses of the Fourteenth Amendment to the United States Constitution. Great Oaks also petitioned for and obtained a temporary restraining order from the respondent court prohibiting the Board from further acting with regard to Ordinance 292 or proposed Ordinance 322. Relators then moved to dissolve the temporary restraining order. Said motion was denied October 13, 1981. Relators accordingly sought a Writ of Prohibition and Mandamus from this Court to compel the respondent to lift the temporary restraining order. We granted a partial writ and now make the writ permanent.

We exercise jurisdiction in this case under Ind.R.O.A. 1(A) which provides: "The Supreme Court has exclusive, original jurisdiction to supervise the exercise of jurisdiction of all inferior state courts . . . ." In the case at bar the relators challenge the authority of the respondent court to grant equitable relief that in effect reaches the legislative power of a legislative body; namely, the power of the Board of Trustees of Cedar Lake to pass licensing ordinances for businesses seeking to operate within the confines of that municipality.

It has been held this Court is not empowered to issue writs of mandamus to control the action of a town board in the exercise of its discretionary powers. *Hankins v. State ex rel. Miller*, (1940) 217 Ind. 225, 27 N.E.2d 365; *Johnson v. City of Indianapolis*, (1910) 174 Ind. 691, 93 N.E. 17. This Court has ruled similarly in petitions for writs of mandamus sought by parties against other boards or administrative bodies or officials exercising discretionary powers vested in those bodies or officials by statute. *Secrist et al. v. State ex rel. Gash*, (1930) 202 Ind. 307, 172 N.E. 908; *Jackson School Twp. et al. v. State ex rel. Garrison et al.*, (1932) 204 Ind. 251, 183 N.E. 657.

We find in *Muhler et al. v. Hedekin et al.* (1889) 119 Ind. 481, 20 N.E. 700, a well stated summary of the proper role of the courts and the extent of their power to interfere with the discretionary acts of inferior municipal bodies and officers. There this Court declined to enjoin the common council of the city of Fort Wayne from investigating certain accusations against the plaintiffs, who were trustees of the city's waterworks. Clearly the power to

conduct such an investigation was within the purview of the common council by statute and was thus within the council's discretion. In so holding the Court stated:

"We are not, however, aware of any case in which it has been held that a court of chancery might entertain a bill to enjoin the removal of a municipal officer against whom charges of misconduct in office had been preferred; on the contrary, the authorities uniformly hold that proceedings in the nature of an official inquiry concerning the conduct of an officer, by a common council or other body having cognizance of the subject, the possible end being the removal of the officer, are wholly beyond the control of a court of equity." *Id.* at 485, 20 N.E. at 701.

The case at bar involves the Board's exercise of a discretionary power. The restraint of the Board's exercise of that discretionary power is "wholly beyond the control of a court of equity." *Id.* The Town Board had the right to pass Ordinances 292 and 322 as part of its exercise of police powers. We cannot imagine an act of the governing body of a municipality that is more within its discretionary powers than the passage or contemplated passage of such an ordinance. The act of the respondent in restraining the Board in the exercise of its legislative function was erroneous. This Court has the responsibility to maintain the separation of powers between the judiciary and a legislative body.

The partial writ we have granted is hereby made permanent.

HUNTER, PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., dissenting with separate opinion.

DeBRULER, Justice, dissenting.

The relators, town and board, show that the respondent court has issued an order restraining them "from taking any action of any form or of whatever nature which would revoke or impair in any manner whatever the TEMPORARY BUSINESS LICENSE issued to the plaintiff" and contend that such order was issued without proper jurisdiction. The burden is upon relators in this Court to show the absence of jurisdiction. *State ex rel. Marich v. Lake Superior Court, Room 5*, (1980) Ind., 407 N.E.2d 233; *State ex rel. City of Indianapolis v. Marion County Superior Court, Room 2*, (1966) 247 Ind. 385, 216 N.E.2d 349.

In fulfillment of this burden relators contend that the order is beyond the court's proper jurisdiction in that it impinges upon their legislative prerogative. It is undoubtedly true as a general proposition that courts will not interfere with mere matters of municipal legislation. *City of Valparaiso et al., v. Gardner*, (1884) 97 Ind. 1. Legislation within the meaning of this rule would include the enactment and repeal of ordinances and the indulgence in processes appurtenant thereto. The respondent court's order does not prohibit relators from repealing the ordinance pursuant to which the temporary business license was granted or the passage of a new, more restrictive ordinance regulating the same business. In legal effect, this order simply provides legal insulation to a particular license pending a final determination of a lawsuit. I cannot see how it can be viewed as impinging upon the legitimate legislative authority of relators. I therefore vote to deny the writ for the reason that relators have failed throughout to sustain their burden of showing a *prima facie* case for its issuance.