## PATRICK DELAHANTY

*v.*

## JOHN WARNER *et al.*

1. CHANCERY JURISDICTION—*to try validity of removal from office.* A court of equity has no jurisdiction to entertain a bill to enjoin the mayor and aldermen of a city from removing a party from an office, and appointing a successor, and from preventing the party from discharging his duties after removal by them, as the party's remedy at law is complete, by *quo warranto* against the successor, or mandamus against the mayor and councilmen.

2. MANDAMUS—*when it lies.* Where a person is improperly removed from office by the mayor and aldermen of a city, he may compel them by *mandamus* to restore to him any evidence of his right to the office, in any property pertaining thereto, which they may improperly withhold from him. And where the title to the office is not in dispute, *mandamus* will lie to restore the person entitled to it.

3. OFFICER—*right to fees of office when illegally removed.* If an officer of a city is unlawfully removed from his office by the city authorities, he has a complete remedy at law for any fees and emoluments pertaining to the office of which he is deprived.

4. CHANCERY PRACTICE—*evidence must appear in record to support decree.* Where the record shows the assessment of damages upon the dissolution of an injunction, but does not show the evidence upon which the assessment is made, the order will be reversed for the error.

APPEAL from the Circuit Court of Peoria county; the Hon. JOSEPH W. COCHRAN, Judge, presiding.

Messrs. McCULLOCH, STEVENS & WILSON, for the appellant.

Mr. J. S. STARR, and Messrs. LEE & QUINN, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Appellant was superintendent of streets in the city of Peoria, and he alleges, by his bill, that he was unlawfully removed from his office, and prays that the aldermen and mayor of the city may be enjoined from appointing a successor, and from

interfering with him in any way in the discharge of his duties as street commissioner.

The court below dissolved the temporary injunction which had been issued, and dismissed the bill for want of equity.

In this we perceive no error. Appellant's remedy was complete at law. High on Injunctions, sec. 781. If he was not properly removed, and a successor cannot therefore be legally appointed, the question can be settled by *quo warranto* against the person claiming to be his successor in office. *People ex rel., etc.,* v. *Forquer,* Breese (Beecher's ed.), 104; *People, etc.,* v. *Matteson,* 17 Ill. 168.

By *mandamus,* the mayor and aldermen may be compelled to restore to him any evidence of his right to the office, or any property pertaining thereto which they may have improperly withheld from him. *People ex rel., etc.,* v. *Head,* 25 Ill. 325; *People ex rel.* v. *Kildruff,* 15 ib. 492; *People ex rel.* v. *Hilliard,* 29 ib. 414. And where the title to the office is not in dispute, *mandamus* will lie to restore the person entitled to it. *Street* v. *County Comm's,* Breese (Beecher's ed.), 50; *People* v. *Stevens,* 5 Hill, 616. Nor can there be any doubt of appellant's having a complete remedy at law for any fees and emoluments pertaining to the office of which he may have been unlawfully deprived by the action of the mayor and aldermen.

The court below, however, in dismissing the bill, ordered the payment of one hundred dollars, as solicitor's fees, to appellees, and there is no evidence preserved in the record justifying this order. We have held that this must be done, and that it is error to make an allowance for solicitor's fees on the dissolution of an injunction, except upon evidence showing that services of the solicitor were actually rendered, and that they were, in value, equal to the amount ordered to be paid. *Albright et al.* v. *Smith et al.* 68 Ill. 181.

The order allowing the solicitor's fees will be reversed, and the decree in all other respects must be affirmed. The costs in this court will be equally divided between the parties.

*Reversed in part.*