Williams, J.
As a general rule, a court of equity will not exercise its jurisdiction to control the conduct of public officers, by injunction, except when necessary to prevent a breach of trust affecting a public franchise, or some illegal act, under color of authority, injurious to the property rights of individuals. An injunction may be properly allowed, however, where parties are at issue concerning their legal rights, and it is necessary to preserve their rights in statu quo, until the determination of the controversy. And we entertain no doubt of the correctness of the rule established by the cases referred to by counsel for the motion, which is, that the remedy by injunction may be employed by the incumbent of a public office, to protect his possession against the interference of an adverse claimant whose title is in dispute, until the latter shall establish his title at law. Guilotte v. Poincy, 6 Southern Rep. 507; Kerr v. Trego, 47 Pa. St. 292. And see 2 High on Injunctions, sec. 1315.
But we are not satisfied that the case made by the petition is within the rule. Evidently, it is not. There is yet, no person setting up any claim to the offices held by the plaintiffs, and, according to the petition there can be none until the defendant shall exercise his power of appointment. There is no averment that the defendant is attempting to interfere with the possession of the plaintiffs, or that he threatens to do so. The averment is, that he threatens to appoint the members of the board of city affairs, in pursuance of the act passed at the special session of the legislature, and, that “ such members, if appointed, will attempt to take possession of the offices now held by plaintiffs, and to exercise and perform the duties lawfully incumbent upon the plaintiffs, and, that they will endeavor to intrude into said offices, and seize upon the records and property therein situated.” Such attempted interference on the part of those who shall be appointed, may, as we have seen, afford grounds for an injunction against them. The present action, however, has no other purpose than to prevent the mayor from exercising his appointing power under the statute referred to, because it is feared that the persons whom he may appoint to fill the offices *573 thereby created, may attempt to deprive the plaintiffs of those claimed by them. The only interest the plaintiffs now have, in seeking to test the constitutionality of that statute, is to have it' determined in advance of any appointments under it, that persons so appointed will acquire no valid title to the offices they may be selected to fill; and, to have it adjudged that by reason of the unconstitutionality of the act, the offices held by the plaintiffs have not been abolished, and therefore, their continuing title to them is unassailable, notwithstanding the act. The petition presents no questions for adjudication except those relating to the title of the plaintiffs to the offices they claim to hold, and the authority of the mayor to perform the official act of appointing other officers under the provisions of the statute. For the settlement of these questions, injunction is not the proper remedy. An adequate remedy at law is provided. With respect to the remedy in such cases, it is said in High on Injunctions, section 1312, that “No principle of the law of injunction, and perhaps no doctrine of equity jurisprudence is more definitely fixed or more clearly established than that courts of equity will not interfere by injunction to determine questions concerning the appointment or election of public officers, or their title to office, such questions being of a purely legal nature, and cognizable only by courts of law.” This conclusion is fully sustained. Delahanty v. Warren, 75 Ill. 185; Sheridan v. Colvin, 78 Ill. 237; Brown v. Reding, 50 N. H. 336; Beal v. Ray, 17 Ind. 554; Cochran v. MaCleary, 22 Iowa, 75; Updegraff v. Craus, 47 Pa. St. 103; People v. Canal Board, 55 N. Y. 390; Hilliard on Injunctions, 489, 490; and see 2 High on Injunctions, sec. 1256.
There is another ground, upon which, we think, the judgment of the superior court must be sustained.
It is not doubted, that ordiuarily, a party is entitled to the preventive remedy by injunction against a threatened wrong to his property rights, by one having the power to commit it, which, if consummated, would cause him irreparable injury, for which courts of law can afford no adequate redress. He need not wait until the injury is done, since, to require him *574 to do so, would defeat the remedy. It is, however, well settled, that the party who seeks the remedy, must not only show some clear legal or equitable right, but also, a well grounded apprehension of immediate and substantial injury to such right. Threatened acts, which, though unauthorized, can have no such immediate results, constitute no ground for the relief. The act which the defendant threatens to do, as appears from the petition, is to appoint the members of the board of city affairs in pursuance of the alleged unconstitutional statute; the injury apprehended by the plaintiffs, that their offices may be usurped by the persons so appointed. It is the action of the persons who may be so appointed, that the plaintiff’s fear will cause them injury, and not that of the defendant in making' the appointment; and, it is plain, the appointment cannot produce the apprehended mischief. To its commission, the action of a new agency is necessary, that of the officers appointed, over whom the defendant can have no control.
True, the plaintiffs allege, that the making of the appointment will cause them great and irreparable injury for which they have no adequate remedy at law. But this is merely the pleader’s conclusion, which the facts averred do not support. Having come to the conclusion that the petition does not make a case for the relief sought, in any event, we have not deemed it necessary to examine the questions made as to the constitutionality of the statute.

Motion refused.