### H. H. Deemar et al. v. George A. Boyne et al.

1. INJUNCTIONS—*Bond Need Not be Required.*—Sec. 9 of Chap. 69, entitled Injunctions, provides that bond need not be required when, for good cause shown, the judge or master is of the opinion that the injunction ought to be granted without bond. The only exception to his provision is where the collection of a judgment is enjoined.

2. SAME—*De Facto Incumbent in Office—Equity Jurisdiction.*—A court of equity will not entertain jurisdiction for the purpose of enjoining a *de facto* incumbent in office from performing its duties. Such result must be effected by judgment of ouster in a quo warranto proceeding.

3. QUO WARRANTO—*Remedy to Eject Usurpers in Office.*—Where parties have never been elected officers, but have assumed to act in that capacity, quo warranto is the proper remedy to oust them from their usurpation.

**Bill for an Injunction.**—Error to the Circuit Court of St. Clair County; the Hon. WILLIAM HARTZELL, Judge presiding. Heard in this court at the February term, 1902. Reversed and remanded, with directions. Opinion filed Steptember 11, 1902.

George A. Boyne, John J. Ard, Thomas Peet and Moritz Ochler, as complainants, presented their bill of complaint, praying that a temporary injunction be granted against the defendants, restraining them from maintaining an office or in any manner exercising jurisdiction as justices of the peace within the town and city of East St. Louis, St. Clair county.

A temporary injunction was issued, which, upon hearing of the case, was made perpetual, as shown by the following extract from the decree :

" It is therefore ordered, adjudged and decreed by the court that the temporary injunction heretofore granted by this court on the 15th day of May, A. D. 1899, against the defendants H. H. Deemar, Philip Traband, James H. Wyatt and Andrew Touchette, restraining and enjoining each of the above named defendants from exercising any jurisdiction within or maintaining an office of a justice of the peace or police magistrate within the city of East St. Louis, Illinois, be and the same is hereby made perpetual. And the said defendants, H. H. Deemar, Philip Traband, James H. Wyatt and Andrew Touchette are each and all perpetually restrained and enjoined from exercising any jurisdiction within or maintaining an office within the town and city of East St. Louis, Illinois, and the said defendants are each and all perpetually enjoined from in any manner exercising the jurisdiction and duties of the justice of the peace or police magistrate within the said town and city of East St. Louis, Illinois."

To reverse this judgment and dissolve the injunction, defendants Deemar and Wyatt prosecute this writ of error. Traband and Touchette failed to answer, and the bill was taken as confessed against them, no evidence being heard in support of the allegations against them. Wyatt and Deemar demurred to the bill as follows :

" These defendants demur to said bill, and for cause of demurrer show that the complainants have not, in and by their said bill, made or stated such a case as entitles them in a court of equity to any discovery or relief from or against these defendants touching the matters contained in the said bill or any of such matters.

And for a further cause of demurrer these defendants show that the complainants have not, as appears by their said bill, made out any title to the relief thereby prayed, or any relief whatever, from these defendants.

That there is no joint cause for relief stated in the said bill of complaint in favor of the complainants."

The demurrer was overruled and separate answers filed, denying, in substance, the allegations of the bill. The answers also " assert and insist that the complainants have

not shown a cause of action, or any right to ask or have an injunction against defendants."

The bill alleges that complainants and John Driscoll and Patrick Kane are the only resident and elected justices of the peace in the town and city of East St. Louis; that although defendants are not residents and were not elected justices of the peace in and for said town and city of East St. Louis, yet they maintain offices, try cases, and assume to act as justices of the peace in said town and city; that this tends to confusion in appeals and to corruption in the administration of the law, and that complainants are entitled to the fees and emoluments of the offices of justices of the peace in said city and town.

TURNER & HOLDER, attorneys for plaintiffs in error.

MESSICK & CROW, attorneys for defendants in error.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

The temporary injunction was issued without bond. It is urged that this was error. Sec. 9 of Chap. 69, entitled Injunctions, provides that "bond need not be required when, for good cause shown, judge or master is of the opinion that the injunction ought to be granted without bond."

Section 8 of the same chapter states the only exception to this provision, and that is when the collection of a judgment is enjoined.

In the absence of anything appearing to the contrary, we must presume that "good cause" was shown to the judge who ordered the temporary injunction.

It is also urged that the affidavit was not sufficient and that it was made before one of the complainants.

Defendants having answered the bill after their demurrer was overruled, and the case having proceeded to a hearing, and the temporary injunction thereupon being made perpetual, we think they must be held to have waived these objections.

A graver question is presented by the bill itself. Its legal effect is to charge that defendants, without authority, have assumed to act and exercise the functions of justices of the peace in the city of East St. Louis.

In other words, it charges that, without right, they have usurped said offices; that they are in said city acting as *de facto*, but not *de jure*, justices of the peace.

It does not differ in character from a bill to enjoin a party from assuming to act as a public officer who has never been elected to such office, or whose term of office has expired. The fact that defendants may be *de jure* justices of the peace in one locality, does not affect the remedy against them if they assume to act in another locality where they are not *de jure* justices. We think Burgess v. Davis, 136 Ill. 576, is in point. It was a bill to enjoin defendant from collecting his salary as county judge, upon the ground that he had been appointed a trustee of the sanitary district of Chicago, and alleging that by the acceptance of such an appointment he had ceased to be county judge. In deciding the case, the court quotes from the quo warranto act, " that in case any person shall usurp, intrude into or unlawfully hold or execute any office, a petition may be filed," etc., and say :

" When an officer has originally been elected, or appointed in a legal or proper manner, his continued holding of the office may become unlawful by reason of subsequent occurrences. * * * Hence, under the statute as above quoted, the proper mode of proceeding against him is by quo warranto."

And again :

" The bill admits that the defendant was county judge *de facto* by setting up that he was claiming to act and acting as judge of said county court since said acceptance of said office as said trustee."

A court of equity will not entertain jurisdiction for the purpose of enjoining a *de facto* incumbent in office from performing its duties. Such result must be effected by judgment of ouster in a quo warranto proceeding. Samuels v. Drainage Coms., 125 Ill. 540; Sheridan v. Colvin, 78 Ill.

238; Delahanty v. Warner, 75 Ill. 185; People, etc., on rela-
tion of John King et al. v. Matteson et al., 17 Ill. 167; High
on Injunctions, Vol. 2, Secs. 1312–1314.

If the allegations of the bill in the case at bar are true,
defendants in error are *de facto* justices of the peace in
East St. Louis, by maintaining offices there as justices, issu-
ing writs, trying cases, administering oaths and taking
acknowledgments. It was to prevent them from exercis-
ing these functions that the injunction was prayed and
issued. If they had never been elected justices, but had
assumed to act, as alleged in the bill, it is clear that quo
warranto would have been the appropriate remedy, and
that an injunction to prevent their so acting would not be
sustained. By a parity of reasoning, if defendants were
not elected in the town and city of East St. Louis, and were
not on this account authorized to maintain their offices as
justices, and to do business as such in East St. Louis, they
were to this extent usurpers in office, and upon a proper
showing would be ousted from their usurpation by a judg-
ment in quo warranto.

For the reasons assigned, the judgment of the court is
reversed and the case remanded, with directions to the Cir-
cuit Court to dissolve the injunction and dismiss the bill.