# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

JAMES A. MARSHALL

*v.*

## BOARD OF MANAGERS ILLINOIS STATE REFORMATORY.

*Opinion filed February 18, 1903.*

1. OFFICES—*jurisdiction to determine right to a public office is at law.* The jurisdiction to determine the right to a public office belongs to courts of law, and is invoked, according to the circumstances, by *cértiorari, mandamus,* prohibition, *quo warranto* or information in the nature of *quo warranto,* and equity is without jurisdiction in such cases unless expressly conferred by statute.

2. EQUITY—*matters of political character are not within jurisdiction of chancery.* The subject matter of all chancery jurisdiction is property and the maintenance of civil rights, and matters of a political character are not within its jurisdiction.

3. SAME—*equity cannot enjoin removal of physician from State reformatory.* The State reformatory is a penal institution, and the jurisdiction of a court of equity to enjoin the alleged illegal and fraudulent removal, by its board of managers, of the physician appointed by them, cannot be invoked upon the ground that the reformatory is a charitable trust.

*Marshall* v. *Illinois State Reformatory,* 103 Ill. App. 65, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Livingston county; the Hon. JOHN H. MOFFETT, Judge, presiding.

This is a bill in equity filed by the appellant in the Livingston county circuit court to restrain the appellees, the board of managers of the Illinois State Reformatory and the general superintendent of the reformatory and *ex officio* secretary of said board, from removing him from the office of physician of said reformatory. An answer and replication having been filed, the court, on the motion of the appellees, dissolved the temporary injunction theretofore granted and dismissed the bill for want of equity. The appellant perfected an appeal to the Appellate Court for the Second District, where the decree of the circuit court was affirmed, and a further appeal has been prosecuted to this court.

The chancellor certified that he did not consider the affidavits filed in support of the bill and answer, but that the case was heard upon the bill, answer and replication, and that he dismissed the bill upon the ground that a court of chancery did not have jurisdiction of the subject matter of the suit.

The bill alleges that the appellees had entered into a conspiracy to wrongfully remove the appellant from his office of physician of the reformatory for political and partisan purposes and in violation of the statute under which he was appointed, and that the charges preferred against him were not made in good faith, but were used as a pretext and subterfuge to fraudulently, wrongfully and illegally depose him from his office and appoint another person thereto to further such political and partisan purposes.

Section 2 of "An act to establish the Illinois State Reformatory, and making an appropriation therefor," approved June 18, 1891, in force July 1, 1891, (3 Starr &

Cur. Stat. p. 3365,) provides the Governor shall, with the advice and consent of the Senate, appoint five citizens of the State of Illinois, who shall constitute a board of managers of said reformatory; that not more than three of said managers shall be appointed from the same political party; that after the first organization of the board their term of office shall be ten years, and that the Governor may remove any of said managers for misconduct, incompetency or neglect of duty, after opportunity shall be given him or them to be heard upon written charges. Section 3 provides the board of managers shall, when appointed as aforesaid, have the charge and management of said reformatory, and that they shall appoint a general superintendent, chaplain and physician, and that they shall have power to remove them for causes impairing their faithful and intelligent administration of their office, after opportunity shall be given to the officers so charged to be heard upon written charges.

The appellant was duly appointed physician of the reformatory on March 24, 1898. Section 17 of said act in part prescribes the duties of such physician, as follows: "The physician of said reformatory shall carefully examine each prisoner when received, and shall enter in a register, to be kept by him, the name, nationality or race, the weight, stature and family history of each prisoner, also a statement of the condition of the heart, lungs and other leading organs, the rate of the pulse and respiration, the measurement of the chest and abdomen, and any existing disease or deformity, or other disability acquired or inherited." On September 20, 1901, a complaint in writing was preferred against the appellant to the board of managers of the reformatory by the general superintendent thereof, charging him with having neglected his duty since the 20th day of January, 1900, in failing to make an examination of the prisoners committed to said institution when received, and in failing to keep a register showing the result of such examination,

in accordance with the terms of said statute, whereupon the appellant was notified to appear before the board of managers on September 27, 1901, to answer said charges. The bill was filed on September 26, 1901, the day preceding the time fixed by the board for the hearing upon said charges.

C. C. STRAWN, and H. H. MCDOWELL, for appellant:

A court of chancery, by its writ of injunction, affords the only complete remedy to prevent the doing of an illegal act. *School Directors* v. *Wright*, 43 Ill. App. 274.

No inflexible rule can be laid down for the determination of the question as to whether jurisdiction exists in a court of equity. In general, an adequate legal remedy will suffice to make such courts hesitate in acting. But inadequacy in granting relief for the determination of a right may arise from causes other than mere forms of remedy, and it will not do to sacrifice justice on the mere ground of the form of the remedy, where convincing facts show that adequate relief can best be had in the forum of a court of equity. *Chicago* v. *Collins*, 175 Ill. 452.

An injunction will not be dissolved where charges of fraud are made and not fully and satisfactorily denied in the answer, since an exception to the usual practice to dissolve in such cases exists where fraud is the gravamen of the complaint. *Harden* v. *Thrasher*, 20 Fla. 715; *Friedlander* v. *Ehrenworth*, 58 Tex. 350.

The reason for this exception is, that fraud is usually established by an aggregation of circumstances, which, separately considered, may seem of slight importance, and which may become satisfactory only by the light which they throw upon each other; and the bill and answer do not, ordinarily, sufficiently reveal the case to the court, however full and satisfactory the denials of the answer may be. *Stewart* v. *Johnson*, 44 Iowa, 435.

A general denial of fraud by a defendant cannot be urged successfully against an order for an injunction,

where facts are admitted from which the court or a jury may properly infer a fraudulent intent; and the injunction, in such case, should be retained until final decree. *Litchgeld* v. *Pelton*, 6 Barb. 187.

Equity will take jurisdiction in all cases where a right recognized by municipal law exists and courts of law do not provide an adequate remedy for the enforcement and protection of that right. *Gavin* v. *Curtin*, 171 Ill. 646.

In the case at bar the right invaded is a municipal right created by statute, giving Dr. Marshall, as the appointee of the board of managers, the right to have, hold and exercise the functions of physician of the Illinois State Reformatory during good behavior, or so long as he is guilty of no act or neglect of duty impairing his faithful and intelligent administration of the office. (Starr & Cur. Stat. chap. 118, sec. 3, p. 3366.) The right is not a political one, because the office is not a political office in the sense that offices generally are. The statute creating the reformatory and the office expressly withdraws the institution and the office from politics, because the institution is a pure charity. Though created and supported by the government it is no part of the government. The rules of the institution, in harmony with the statute itself, also exempt the office from political interference.

In support of the distinction we make between a charity and a political arm or function of government, as such, we cite the statute of 43 Elizabeth, in force in this State, enumerating, among other things, houses of correction, and abuses in them, as within the express solicitude of the act, and insist the Illinois State Reformatory, as a public charity, is within its sheltering provisions.

The statute of Elizabeth has been recognized as part of the common law of Illinois. *Heuser* v. *Harris*, 42 Ill. 425; *Andrews* v. *Andrews*, 110 id. 223; *Hunt* v. *Fowler*, 121 id. 269; *Taylor* v. *Keep*, 2 Ill. App. 368.

Such institutions as the reformatory are charitable trusts within the meaning of the statute of Elizabeth

and the antecedent common law, and as such are subjects matter of equity jurisdiction for regulation and the correction of abuses. *Ould* v. *Washington Hospital*, 95 U. S. 303; *Hayes* v. *Prate*, 147 id. 557; *Jones* v. *Habersburn*, 107 id. 174; *Germain* v. *Boltes*, 113 Ill. 29; *Holden* v. *Cook County*, 87 id. 285; *British Museum* v. *White*, 2 Sim. 594.

H. J. HAMLIN, Attorney General, and GEORGE B. GILLESPIE, for appellees:

In this State courts of equity have no authority or jurisdiction to interpose for the protection of rights which are merely political and where no civil property rights are involved. *Fletcher* v. *Tuttle*, 151 Ill. 53.

A court of equity has no jurisdiction over the appointment of public officers, whether the power of removal, as well as appointment, is vested in executive or administrative boards or officers or is entrusted to a judicial tribunal. *White* v. *Berry*, 171 U. S. 366.

Courts of equity do not interfere, by injunction or otherwise, to determine controversies concerning the appointment or election of public officers, or their title to office, or their conduct in the performance of official duties. Such questions are purely of a legal nature and cognizable only in courts of law. *Fletcher* v. *Tuttle*, 42 Am. St. Rep. 224, note.

Mr. JUSTICE HAND delivered the opinion of the court:

We think it clear that the trial court did not err in dissolving the temporary injunction and dismissing the bill for want of equity, as it is well settled that the title to a public office and the right to exercise its functions cannot be determined by a court of chancery unless express authority so to do is conferred upon the court by statute, the remedy being in a court of law. (*Delahanty* v. *Warner*, 75 Ill. 185; *Sheridan* v. *Colvin*, 78 id. 237; *Fletcher* v. *Tuttle*, 151 id. 41; *Heffran* v. *Hutchins*, 160 id. 550; *Ex parte Sawyer*, 124 U. S. 200; *White* v. *Berry*, 171 id. 366.) In *Dela-*

*hanty* v. *Warner, supra,* the appellant alleged in his bill that he had been unlawfully removed from his office as street commissioner by the aldermen and mayor of the city of Peoria, and sought to enjoin the appointment of a successor and the municipal officers from interfering with him in the discharge of his duty as street commissioner. The chancellor dismissed the bill. This court, in affirming the decree, said (p. 186): "If he was not properly removed, and a successor cannot therefore be lawfully appointed, the question can be settled by *quo warranto* against the person claiming to be his successor in office." In *Sheridan* v. *Colvin, supra,* the language of Mr. High in his work on Injunctions is quoted with approval, where it is said: "A court of equity is not a proper tribunal for determining disputed questions concerning the appointment of public officers or their right to hold office, such questions being purely of a legal nature, and cognizable only by courts of law." In *Ex parte Sawyer, supra,* it is said: "A court of equity has no jurisdiction over the appointment and removal of public officers, whether the power of removal is vested, as well as that of appointment, in executive or administrative boards or officers or is entrusted to a judicial tribunal. The jurisdiction to determine the title to a public office belongs exclusively to the courts of law, and is exercised either by *certiorari,* error or appeal, or by *mandamus,* prohibition, *quo warranto,* or information in the nature of a writ of *quo warranto,* according to the circumstances of the case and the mode of procedure established by the common law or by statute." And in *White* v. *Berry, supra,* it was held the removal of a United States gauger by an internal revenue collector for political and partisan purposes, in violation of the Civil Service act, could not be restrained by a court of the United States sitting in equity, the remedy being at law.

It is elementary that the subject matter of all chancery jurisdiction is property and the maintenance of civil

rights, and that matters of a political character do not come within its jurisdiction. (*Sheridan* v. *Colvin, supra.*) The contention that the Illinois State Reformatory is a charitable trust, and that therefore a court of chancery has jurisdiction in this case, is without force. It is a penal institution, (*People* v. *State Reformatory*, 148 Ill. 413,) and the position therein of physician is an office, and a court of-chancery has no greater power to determine the title to such office than the title to any other public office.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*