### ACTION TO ENJOIN TRIAL OF A SCHOOL TEACHER.

Circuit Court of Cuyahoga County.

J. M. H. FREDERICK V. THE BOARD OF EDUCATION OF LAKEWOOD ET AL.

Decided, December 27, 1910.

*Constitutional Law—School Board May Try School Teacher—Court of Equity Will Not Interfere.*

1. The power conferred upon school boards, by General Code, Section 7701, to dismiss any appointee or teacher for cause, after hearing, is administrative and not judicial in its nature, and so not unconstitutional.

2. A court of equity is without jurisdiction to interfere by injunction to prevent the trial and dismissal of a school teacher by a school board because to do so in advance of its action would be to invade the functions of the executive or administrative department, and after such action the remedy for erroneous proceedings lies with a court of law.

*John J. Sullivan,* for plaintiff.
*Edwin G. Guthery,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This action was brought to enjoin the defendants from trying the plaintiff, superintendent of and a teacher in the public schools of Lakewood, on charges involving improper conduct, pursuant to authority for such trial found in Section 7701 of the General Code.

The right to an injunction is based upon two grounds: first, that the board of education, by the preparation, filing and serving of written charges and notices, are attempting to assume judicial functions, and second, that the plaintiff can not have a fair trial for the reason that two of the five members of the board signed the charges, setting forth that they believed the plaintiff guilty of improper conduct and will sit in judgment upon the evidence when it is produced upon the hearing, and that one of the other three members is a necessary and unfriendly witness in the matter.    That the first ground is untenable see *State, ex rel,* v. *Hawkins,* 44 Ohio St., 98.

The second ground naturally looms large to the judicial eye for the reasons so forcefully and cogently presented to the court by the learned counsel for the plaintiff.    It is a principle of natural justice that no man should sit in as judge in his own cause, nor should any man sit in judgment of a cause which he has prejudged.

By the pleadings in this cause it is conceded that certain of the defendants, perhaps a majority of the board, are about to violate both of these principles.

But it seems that a court of equity is without jurisdiction to interfere by injunction to prevent the trial and dismissal of public officers or appointees because to do so in advance of executive action would be to invade the functions of the executive department, and after such action the remedy for erroneous proceedings lies with the court of law and not with the chancellor.    *2 High on Injunctions,* 1311, 1312, 1313; *Marshall* v. *State Reformatory,* 201 Ill., 1; *Cox* v. *Moores,* 55 Neb., 34; *In re Sawyer,* 124 U. S., 200; *White* v. *Berry,* 171 U. S., 366; *Delahanty* v. *Warner,* 75 Ill., 185; *Muhler* v. *Hedikin,* 119 Ind., 481; *District Township* v. *Barrett,* 47 Iowa, 110.

The restraining order is dissolved and the petition is dismissed.