## HAUPT *v.* SCHMIDT ET AL.

[No. 10,378.   Filed March 4, 1919.   Rehearing denied May 28, 1919.]

1. EQUITY.—*Right to Relief.*—*Injury to Property.*—*Inadequacy of Legal Remedy.*—The office of equity is not to supplant, but to supplement, the law, and whenever a party has a clear legal right, in matters of property, and no adequate remedy at law, he is entitled to the aid of a court of equity. p. 262.

2. INJUNCTION.—*Office of.*—*Protection of Property.*—Broadly stated, the office of an injunction is to protect property, and rights of property. p. 262.

3. OFFICERS.—*School Trustee.*—*Interference with Assumption of Office.*—*Right to Injunctive Relief.*—One elected to the office of school trustee is not entitled to an injunction against members of the board restraining them from preventing him from assuming the duties of his office, since the right to hold office is not a property right cognizable in a court of equity, but merely a political right not coming within the jurisdiction of a court of chancery. p. 263.

From Sullivan Circuit Court; *W. H. Bridwell,* Judge.

Action by Charles A. Haupt against Henry F. Schmidt and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Frank S. Rawley, George O. Dix, McNutt, Wallace & Randel* and *Hays & Hays,* for appellant.

*Davis, Moore, Cooper, Royse & Bogart, Harris & Bedwell* and *Daniel V. Miller,* for appellees.

ENLOE, J.—The appellant brought this action, by filing his verified complaint in the superior court of Vigo county, on January 4, 1918, seeking an injunction against the appellees to restrain them from interfering with him in the matter of taking and assuming the duties of his office as one of the school trustees of the city of Terre Haute, which said office he alleged

he was entitled to take and assume the duties thereof on January 7, 1918.

The complaint alleged that appellant, at the election held in November, 1917, was duly elected as such trustee; had received his certificate of election from the proper officers; had duly qualified as such officer elect, and was legally qualified as a citizen and resident to fill such office, and was thereby entitled to take and assume the duties of his said office on the first Monday of January, 1918. The complaint also alleged that certain members of the board of school trustees of said city had conspired together to wrongfully and unlawfully prevent him from assuming the duties of his office, to which he had been elected, and would, unless restrained, prevent him from assuming such office and duties.

By a supplemental complaint filed herein, it was alleged that the appellees had carried out their illegal purpose, and had denied to appellant his right to sit as a member of said board of school trustees, and were keeping him wrongfully out of the office, and from assuming and performing the duties thereof, to which he had been duly elected.

The venue of the case was changed to the Sullivan Circuit Court, and a demurrer, for want of facts, was then filed and sustained to appellant's complaint. Appellant refusing to further plead, judgment was rendered against appellant in said cause, and in favor of the appellee for the costs.

The errors assigned challenge the rulings on the demurrer to the complaint, and also the action of the court in dissolving the temporary injunction.

The first and important question in this case is one of jurisdiction. Is this such a case as is cognizable in a court of equity?

The office of equity is to supplement, not supplant, the law.   Whenever a party has a clear legal right, in matters of property, and no adequate remedy at law, he is entitled to the aid of a court of equity.

Generally stated, the office of an injunction is *to protect property, and rights of property.   In re Sawyer* (1888), 124 U. S. 200, 8 Sup. St. 482, 31 L. Ed. 402; *State, ex rel.* v. *Aloe* (1899), 152 Mo. 466, 54 S. W. 494, 47 L. R. A. 393; *Muhler* v. *Hedekin* (1889), 119 Ind. 481, 20 N. E. 700; *Smith* v. *Myers* (1887), 109 Ind. 1, 9 N. E. 692, 58 Am. Rep. 375; *People* v. *Barrett* (1903), 203 Ill. 99, 67 N. E. 742, 96 Am. St. 296; *Marshall* v. *Illinois State Reformatory* (1903), 201 Ill. 9, 66 N. E. 314.   In the case last cited the court said:   "It is elementary that the subject-matter of all chancery jurisdiction is property and the maintenance of civil rights, and that matters of a political character do not come within its jurisdiction."

In the Barrett case, *supra,* the court quoted with approval the foregoing statement, and said, referring to the matter then before the court:   "These matters involve, in themselves, no property rights, but pertain solely to the political branch of the government and cannot be controlled by a court of chancery."

A political right is defined to be "A right exercisable in the administration of government"; while a civil right is said to be "A right accorded to every member of a distinct community or nation."   Anderson, Law Dictionary 905.   Bouvier says:   "Political rights consist in the power to participate, directly or indirectly, in the establishment or management of government."   "Civil rights are those which have no

relation to the establishment, support, or management of the government. These consist in the power of acquiring and enjoying property, of exercising the paternal and marital powers, and the like.'' 3 Bouvier, Law Dictionary (Rawle's 3d ed.) 2962. It is true that we find cases where a court of equity has given injunctive relief in cases where political rights were involved, but it is also true that in each and all of such cases, so far as we have been able to find, the basis upon which the relief was granted was the protection of some property right, as in the case of *Chicago Macaroni Mfg. Co.* v. *Boggiano* (1903), 202 Ill. 312, 67 N. E. 17. In this last case the plaintiff asked for an accounting, a matter cognizable in a court of equity, and the court, acting upon the maxim that, where a court of equity rightfully assumes jurisdiction of a matter, it will draw unto itself all other matters connected therewith in dispute between the parties, that full and complete justice may be done, gave injunctive relief against one who was assuming to act as an officer of said corporation, and as such was collecting and disbursing the funds of said corporation.

In the case at bar, the question was purely governmental, political. No question of property is involved.

3. The right to hold an office and perform the duties thereof is not a property right. A public office is not property, but a mere public agency created for the benefit of the state.

It therefore follows that the demurrer to the complaint was rightfully sustained, and the judgment of the Sullivan Circuit Court is therefore affirmed.