PORTER COUNTY DEMOCRATIC PARTY PRECINCT REVIEW COMMITTEE and Kathy Crise, Sue Greer, Robert Rogers, Barbara Miller, Kathleen Houpt, Steve Cloyd, Steve Mullins, Leon West, Kathy Rogers and Thomas Esgate, Appellants,

v.

John SPINKS, Leonard Sullivan, Dennis Pardus, Charles Sutton and Paul Edmonds, Appellees.

No. 64A04-8902-CV-31.

Court of Appeals of Indiana, Fourth District.

Jan. 23, 1990.

Publication Ordered March 9, 1990.

Edward P. Grimmer, Crown Point, for appellants.

Larry W. Rogers, Harper and Rogers, Valparaiso, for appellees.

MILLER, Judge.

The Porter County Democratic Party Precinct Review Committee and its officers appeal the trial court's grant of a preliminary injunction restraining them from proceeding, pursuant to the Rules of the Indiana Democratic State Central Committee, to remove John Spinks, Leonard Sullivan, Dennis Pardus, Charles Sutton, and Paul Edmonds from their offices as precinct committeemen. We reverse.

### Issue

The Committee makes several claims. One is dispositive—that is, the trial court lacked jurisdiction to enter an injunction concerning either the intraparty organization and functioning of a political party or the qualifications of its officers.

### Facts

Thomas Esgate, chairman of the Porter County Democratic Central Committee, filed complaints with the Porter County Democratic Precinct Review Committee against the five plaintiffs in this cause of action seeking to remove them from their offices as precinct committeemen of the Porter County Democratic Party. The five plaintiffs/precinct committeemen applied to the trial court and obtained a restraining order without notice. The order effectively halted the intraparty administrative process and later was entered as a preliminary injunction.

### Decision

IND.CODE 3–6–1–13 provides:

The state committee of each political party subject to this chapter may:

(1) adopt rules and resolutions to provide for all matters of party government that are not controlled by law;

(2) remove a member or officer of a regular party committee, after reasonable notice and hearing, for refusing to obey or conform to a rule or resolution adopted by the state committee; and

(3) maintain civil actions, in its own name, to enforce obedience to its rules or resolutions.

Pursuant to the authority of this statute, the state committee adopted its Rule 14(a), *Rules of The Indiana Democratic State Central Committee,* which provides the procedures for removing committeemen. Rule 14(a) effectively delegates the authority to the level of the *county* committee. Procedural safeguards are provided for in the Rule to protect committeemen in danger of being removed. A hearing is prescribed where evidence and witnesses may be presented. An appeal may be taken to the district committee.

The Porter County committee sought the removal of the committeemen/plaintiffs in this cause pursuant to Rule 14(a). The committeemen do not assert that the procedures of Rule 14(a) have been abrogated. Thus, they do not claim that they have been—or will be—denied due process. Instead they argue, in essence, that Rule 14(a) is void because the state committee has exceeded its authority, granted by I.C. 3–6–1–13, by delegating the

removal of committeemen to the *county* committee.

I.C. 3–6–1–13(3), quoted above, provides that the state committee may bring actions in its own name to enforce obedience to its rules or resolutions. It follows therefore that the state committee—and the validity of its rules or resolutions—may be challenged by a civil action. However, as follows from the statute—such actions must be brought against the state committee itself—*in its own name.* The state committee has a significant interest in protecting the integrity of its rules and resolutions. The failure of the aggrieved committeemen in this case to join the state committee in their action for an injunction—attacking the validity of Rule 14(a) adopted by the state committee—is fatal to their action.

Courts of equity have no jurisdiction to give injunctive relief with respect to matters or questions of a political nature unless civil property rights are involved and will not interfere to enforce or protect purely political rights. *Haupt v. Schmidt* (1919), 70 Ind.App. 260, 122 N.E. 343. A court of equity will not supervise the acts and management of a political party for the protection of a purely political right—and a member of a political party when denied certain rights as such member must look to some other source for redress. *State v. Superior Court of Marion County* (1925), 196 Ind. 614, 149 N.E. 174. An injunction does not lie to try disputed questions concerning the organization and functioning of political parties or the qualifications of their officers or convention delegates. *Id.* 16 I.L.E. *Injunction* Sec. 35 (1959).

The trial court is without jurisdiction to issue an injunction in this matter. *Haupt v. Schmidt, supra.* Therefore, we reverse and remand with instructions the trial court dissolve the preliminary injunction and dismiss the action.

CHEZEM, P.J., and BAKER, J., concur.