**Gerry SCHEUB, Appellant–Plaintiff,**

**v.**

**TOWN OF SCHERERVILLE, Clarence Kuhn, Clerk Treasurer, Appellees– Defendants.**

**No. 56A05–9206–CV–196.**

Court of Appeals of Indiana, Fifth District.

July 27, 1993.

Opinion on Denial of Rehearing Sept. 15, 1993.

Richard F. James, James, James & Manning P.C., Dyer, for appellant-plaintiff.

Edward P. Grimmer, Crown Point, for appellees-defendants.

BARTEAU, Judge.

In this appeal we are called upon to examine whether the Town of Schererville ("Town") was required to follow all of the procedures for notice and hearings as set out in Ind.Code 36–1–10, which governs the leasing and lease-purchasing of structures by political subdivisions and agencies of political subdivisions, before entering into a three-year lease, which contained no option to purchase, with Northern Indiana Public Service Co. ("Nipsco"). We hold that the Town was required to follow these procedures, and, because the Town failed to do so, the lease with Nipsco is void. Further, we deny the Town of Schererville's request to assess "sanctions" against Scheub.

FACTS

The facts are not in dispute. On January 17, 1991, Town held a special meeting "to discuss addition [sic] space for the police department." The minutes of this meeting reveal that the council discussed the problems the police department was having and discussed a new Town Complex that had not been completed. The council then adopted Resolution # 91–2, which authorized John Fladeland, council president, to negotiate and endorse a lease for the rental of office space for the Town of Schererville. Council attorney Edward Grimmer then discussed a lease that had been prepared by Nipsco for the lease of office space. The lease is for a term of three years, with a cost of about $45,000 a year. In Grimmer's opinion, the lease was fair to the Town. At the meeting, a citizen attending the meeting, Gerry Scheub, appellant, requested a "point of order" before the council voted on the resolution; however, he was not given an opportunity to

speak because the floor had not yet been opened for comment. Mr. Scheub also objected to the Nipsco lease by a letter dated January 27, 1991, to the town council.

On July 23, 1991, Scheub filed a complaint in the Lake Superior Court alleging, among other things, that the lease with Nipsco violated I.C. 36–1–10 because the council had not followed the procedures set out in that chapter for the leasing of structures. After a change of venue to Newton County Superior Court, Town's motion for summary judgment was granted. Scheub's Motion to Correct Error was subsequently denied and this appeal ensued.

### IND. CODE 36–1–10

The first issue we must address is whether the Town was required to follow the provisions in I.C. 36–1–10 before it entered into a three-year lease that contained no option to purchase the property. Before we address the parties' contentions, we will set out an overview of the chapter in general terms. Indiana Code 36–1–10–1 sets out the applicability of the chapter as follows:

(a) Except as provided in subsection (b), this chapter applies to:
(1) political subdivisions; and
(2) agencies of political subdivisions; that determine to acquire structures, transportation projects, or systems by lease or lease-purchase.
(b) This chapter does not apply to:
1) the lease of library buildings under IC 20–14–10, unless the library board of the public library adopts a resolution to proceed under this chapter instead of IC 20–14–10;
2) the lease of school buildings under IC 21–5;
3) county hospitals organized or operating under IC 16–12.1;
4) municipal hospitals organized or operating under IC 16–22.2–5; or
5) boards of aviation commissioners established under IC 8–22–2.

In general, I.C. 36–1–10 provides the procedure to be followed by the political subdivision before entering into a lease for a "structure" (a building used in connection with the political subdivision or a parking lot), a "system" (computer, communications or mobile or remote equipment that is linked by a computer), or a "transportation project." I.C. 36–1–10–2.

After the lessor and the political subdivision, referred to in the chapter as the "leasing agent", have agreed upon the terms of the lease but before the lease is executed, a public hearing must be held to discuss the necessity of the lease as well as its terms. I.C. 36–1–10–13(a). Further, the lease drawings, plans, specifications, and estimates for the structure must be open for public inspection for at least ten (10) days before the hearing. I.C. 36–1–10–13(b). "All persons are entitled to be heard at the hearing as to whether execution of the lease is necessary and whether the rental is fair and reasonable for the proposed structure or system." I.C. 36–1–10–13(d). After the hearing, the subdivision may not lease the structure unless 1) it receives a petition signed by fifty (50) or more taxpayers of the subdivision and 2) the fiscal body of the subdivision determines that the lease is needed. I.C. 36–1–10–7. Finally, the chapter provides a means by which taxpayers may object to the execution of the lease once it has been executed. I.C. 36–1–10–14.

Scheub argues that the lease with Nipsco is void because the Town failed to follow any of the above procedures. Town, on the other hand, argues that it was not required to follow all of the procedures, citing I.C. 36–1–10–4.1 and 5. Indiana Code 36–1–10–4.1 provides:

(a) A leasing agent who wants to lease a structure or transportation project must comply with this chapter. A leasing agent who wants to lease a system must comply with this chapter or IC 36–1–9.
(b) *A leasing agent who enters into a lease under this section without an option to purchase must follow the procedure prescribed by section 5 [I.C. 36–1–10–5] of this chapter.*

(Emphasis supplied). I.C. 36–1–10–5 provides:

Notwithstanding sections 6, 12, 16, and 17 of this chapter, the following procedure shall be followed whenever a lease does not contain an option to purchase:
(1) The term of the lease may not be longer than ten (10) years; however, a

lease may be for a longer term if the lease is approved by the state board of tax commissioners.

(2) The lease must provide that the lease is subject to annual appropriation by the appropriate fiscal body.

(3) The leasing agent must have a copy of the lease filed and kept in a place available for public inspection.

A leasing agent may lease part of a structure.

■■■ When a statute is clear and unambiguous on its face, this court may not interpret the statute. *Economy Oil Corp. v. Indiana Dep't of State Revenue* (1975), 162 Ind.App. 658, 321 N.E.2d 215. Rather, we hold the statute to its clear and plain meaning. *Wilson v. Elliott* (1992), Ind. App., 589 N.E.2d 259. In addition, we must examine the Act as a whole and, if possible, give effect to every word and clause therein. *Guinn v. Light* (1990), Ind., 558 N.E.2d 821, 823. A statutory amendment changing a prior statute indicates a legislative intention that the meaning of the prior statute has been changed. *Wright v. Fowler* (1984), Ind.App., 459 N.E.2d 386.

■■ We do not agree with the Town's reading of Section 4.1 and 5, quoted above. Section 4.1(b) does not, as Town argues, state that leases which do not contain options to purchase need *only* comply with Section 5. Further, section 5 does not eliminate the need for the Town to follow the procedural requirements of I.C. 36–1–10. This conclusion is reached by examining the prior version of I.C. 36–1–10–5 and comparing it to the current version as amended in 1985. Before the amendments, the first part of this section provided:

Notwithstanding sections 6, 7, 12, 13, 14, 15, 16, and 17 of this chapter, the following procedure shall be followed whenever the lease does not contain an option to purchase....

I.C. 36–1–10–5. Of particular significance here are sections 7, 13, 14, and 15. As already mentioned, I.C. 36–1–10–7 requires a petition signed by 50 or more taxpayers in favor of the lease before the lease may be executed. Sections 13, 14, and 15 deal with notice, opportunity for hearing, and the procedures for objecting to the lease. Thus, the prior version contained a special exception to the requirements for notice, hearing, etc., contained in the chapter so long as the lease did not contain an option to purchase.

This is in contrast to the current version of section 5, which begins as follows:

Notwithstanding sections 6, 12, 16, and 17 of this chapter, the following procedure shall be followed whenever a lease does not contain an option to purchase....

In the amended version of Section 5, the legislature did not include the sections, contained in the first version, that brought leases without options to purchase outside the procedural requirements of I.C. 36–1–10. Because these sections were excluded from the present version, we find the legislature intended to make leases without options to purchase subject to all of the procedural requirements of the chapter, with the exceptions of sections 6, 12, 16 and 17.[1]

The Town asserts that I.C. 36–1–10–4.1 and 5 were intended to provide a means by which a political subdivision may proceed with less significant leases in an expedited manner. While we agree that this seems to be the intent behind the *original* version of section 5, the legislature apparently "changed its mind" as evidenced by the amendments. We also note that even leases that do not contain options to purchase can be very significant in terms of cost to the taxpayer. Thus, it is logical that the municipality be required to hold hearings and determine the necessity for such a lease.

## ATTORNEY FEES AND COSTS

Under the heading "Award of Fees and Costs" the Town argues that Mr. Scheub's

---

1. Section 6 provides that a leasing agent may not enter a lease that will last longer than fifty years. Section 12 governs leases entered into in "anticipation of acquisition or construction of a structure, system or transportation project." Section 16 permits a political subdivision owning a structure with respect to which revenue bonds are outstanding to convey the structure to the lessor in fee simple and lease it from the lessor in order to refinance the outstanding municipal bonds. Finally, Section 17 governs annual appropriations and tax levy.

suit was groundless and motivated purely for political reasons. Therefore, Mr. Scheub should be sanctioned. It is unclear whether the Town is seeking attorney fees and costs or a sanction against Scheub. The Town's argument on this issue follows:

Mr. Scheub threatened to file this suit in January. *Exhibit 1; Fladeland Affidavit.* He was promptly advised of the Town's reliance upon the clear language of *Section 4.1(b)* and that a challenge to the statute would be considered a frivolous action. Mr. Scheub did not file suit before the lease took effect or before the Town incurred the expenses of moving. Rather, he chose to wait over three (3) months to more closely time the filing with the primary election. Indeed, he had his counsel schedule depositions at the public meeting hall the weekend before the election. Appellant did not hide the fact that this lease was a matter he chose to make a political issue. *Exhibit to the Second Tucker Affidavit.* While Appellant has every right to pursue any issue as a partisan political issue, that right does not extend to the courts as his forum. The courts do not have jurisdiction over political disputes. *Haupt v. Schmidt* (1919), 70 Ind.App. 260, 122 N.E. 343. Mr. Scheub employed the courts (1) without statutory basis; and, (2) for exclusively political purposes. Not only is this a baseless and frivolous action, his efforts to play politics with the courts is vexatious. It should not be condoned; it should be sanctioned.

Appellee's Br. 11–12. We note that the Town made a request for fees and costs in its Motion for Summary Judgment; however, it presented no evidence of costs for the trial court to make such an order. Regardless, from our disposition of this case, it is apparent that Scheub's suit was not frivolous. The Town's request for "costs" and/or "sanctions" is denied.

REVERSED.

## ON PETITION FOR REHEARING

The Town of Schererville petitions for rehearing in *Scheub v. Town of Schererville* (1993), Ind.App., 617 N.E.2d 585. We hereby grant the petition for the sole purpose of clarifying our holding in this case.

In his complaint, Gerry Scheub alleged that defendants (Town of Schererville and Clarence Kuhn, Clerk Treasurer) 1) failed to follow applicable law in entering the lease with NIPSCO, making the lease with NIPSCO void; 2) violated the Open Door Law; and 3) illegally hired an attorney to represent it in negotiations with NIPSCO. The trial court entered summary judgment in favor of defendants on all three counts. The *only* issue raised on appeal and addressed by this court was whether the lease was void. This court found that the lease was indeed void and reversed the trial court on this issue. However, because the entry of summary judgment in favor of the Town on the second and third counts—violation of the Open Door Law and illegally hiring an attorney—was not appealed, the trial court's decision on these two counts is affirmed.

In all other respects, Town's petition for rehearing is denied.

SHARPNACK, C.J. and ROBERTSON, J., concur.