## MITCHELL *v.* STEPHENS.

PRACTICE—CONTINUANCE.—It is the duty of a party taking an appeal from a justice to see that a proper transcript is filed, and the fact that a perfect transcript was not filed ten days before the first day of the term, will not entitle the party taking the appeal to a continuance.

SAME—COSTS.—The costs resulting from a continuance granted on account of

Mitchell *v.* Stephens.

the absence of a witness, should be taxed to the party to whom the continuance is granted.

PRACTICE IN THE SUPREME COURT.—An alleged error in the trial of a cause by a jury of eleven men, if not assigned as a reason for new trial in the court below, will be deemed to be waived in the Supreme Court.

APPEAL from the *Warren* Common Pleas.

RAY, CH. J.—Suit brought by the appellee before a justice, and finding in his favor; appeal by the appellant to the Court of Common Pleas, with the same result following the trial.

The assignments of error will be noticed in their order. *First*, the overruling of the appellant's motion for a continuance in the Common Pleas Court, because the justice had not filed a complete transcript. This motion was properly overruled. It was the duty of the party taking the appeal to see that a proper transcript was filed, and if the transcript was not perfect, to have the same corrected at the earliest moment; and the fact that a perfect transcript was not filed ten days before the first day of the term, will not entitle the party taking the appeal to a continuance. He is asking relief from a judgment already obtained, and he is the one to not only file his appeal bond, but to perfect his appeal. Upon the overruling of the motion for a continuance, the appellant filed an affidavit, on the ground of absent witnesses, asking a continuance. This was granted at his costs; and, whether his fault or misfortune, the costs were properly taxed to the party obtaining the continuance.

The next error assigned is the refusal of the court to grant a new trial, on the ground that "the verdict was contrary to law and the weight of evidence." It is very clear to us that the evidence in this case is not so decidedly against the finding of the jury as to authorize us to interfere.

The next alleged error is, that the cause was tried by a jury of eleven men. The record reads as follows: "And the issues being joined, this cause is submitted to a jury of

eleven." In the motion for new trial, this was not assigned as a cause, and if it were true that the record did not show a submission by the consent of parties to a jury of eleven, still the error was waived by a failure to assign it as a cause for new trial. *Durham* v. *Hudson*, 4 Ind. 501.

The next cause urged is, that the finding of the jury is for too large a sum. We can well understand that the jury considered the evidence sufficient to entitle the appellee to the finding in his favor.

The judgment is affirmed, with ten per cent. damages and costs.

*L. Reilly*, for appellant.
*I. M. Hall*, for appellee.