## HUNTER *v*. THOMAS.

PRACTICE.—*Lost Papers.*—*Appeal from Justice of the Peace.*—On an appeal by the defendant to the circuit court from the judgment of a justice of the peace, if the papers have been lost from the files, and leave has been granted each party to substitute the papers, and time has been given for such purpose, if the papers are not substituted, a motion of the defendant to dismiss the action should be overruled, and, on motion of the plaintiff, the appeal should be dismissed.

From the Warren Circuit Court.

*M. Milford*, for appellant.

*W. P. Rhodes*, for appellee.

DOWNEY, J.—This is a controversy about a small matter. The appellee sued the appellant, before a justice of the peace, for nine dollars and eighty-five cents. The justice rendered judgment in favor of the plaintiff for six dollars and fifteen cents. The defendant appealed, after having replevied the judgment, and in the circuit court, and there for the first time apparently, recollected that he had a set-off against the plaintiff for eight days' use of a mowing machine, for which he charged twenty-four dollars, and this, with a general denial, he there pleaded. The plaintiff replied to the set-off

a general denial. By his superior vigilance, the plaintiff, while the defendant was out of the court room, having his horse cared for, got a judgment against him, dismissing his appeal. This the court, on motion and showing by the defendant, set aside. The cause was then continued for two terms. At the third term, the papers appear to have been lost from the files, and the court granted leave to either party to substitute papers by the first day of the next term. At the next term, the defendant moved the court to dismiss the cause, on the ground that "there is no complaint on file herein, and no papers of any description on file herein." This motion was overruled, and the defendant excepted. The plaintiff then "moved the court to dismiss the appeal herein, for the reason that there are no transcript or other papers on file in this cause in the office of the Warren Circuit Court (the cause having been continued from the previous term on account of the absence of the papers from the files), which motion the court sustained." To this the defendant excepted.

The defendant appealed to this court, and he has here assigned as errors: 1. The refusal of the court to dismiss the action; and, 2. The dismissal of the appeal.

An appeal from the judgment of a justice of the peace transfers the cause to the circuit court for trial there *de novo*, and hence the original papers in the cause must be sent with the transcript to the circuit court. 2 G. & H. 595, sec. 66. The appeal operates to set aside the judgment of the justice and supersede any proceeding thereon. If this were not so, and the party who recovered before the justice of the peace should again recover in the circuit court, he would have two judgments for the same debt. It is provided, however, by statute, that when an appeal is dismissed by the court, such fact shall be certified to the justice by the clerk, and such judgment shall stand on the justice's docket as if no appeal had been taken. 2 G. & H. 595, sec. 69.

If the plaintiff dismiss his cause in the circuit court, the

dismissal operates to avoid entirely the proceedings before the justice. *Reeves* v. *Andrews*, 7 Ind. 207.

The parties in the case under consideration each had the privilege granted to him to substitute papers in place of those which were lost from the files, but neither of them did so.

We think it must be the law, that where, in such case, there is ground on which the appeal may be dismissed, and also ground on which, if the appeal was properly taken and perfected, the action might be dismissed, the court should dismiss the appeal, and not the action. The reason for the rule is, that the appellant must have a proper and secure standing in the appellate court in order to be entitled to move for any action of the court affecting the plaintiff's cause. The defendant might have avoided the motion to dismiss his appeal by getting an order upon the justice to certify up a new transcript, and, if necessary, by filing a substituted appeal bond. Had he taken this course, he might, after thus giving himself a standing in the circuit court, have been in a position to present the question whether or not the plaintiff's action should have been dismissed for want of a cause of action, etc. See the case of *Boiles* v. *Barnes*, 4 Blackf. 176.

We conclude that there was no error in the action of the court.

The judgment is affirmed, with costs.