## BLACK *v.* CITY OF PERU, INDIANA.

[Nos. 20750, 369S53. Filed October 14, 1968. Petition to transfer granted March 17, 1969.]

*R. M. Rhodes,* of Peru, for appellant.

*Russell T. Keith, Keith & Berkshire,* of Peru, for appellee.

### ON PETITION TO TRANSFER.

HUNTER, J.—The appellant was found guilty of a violation of a city ordinance and was fined $35.00 by the Peru City Court. The appellant informed the court that he desired to appeal to the Miami Circuit Court and posted a $100 bond. A transcript was prepared and certified by the Judge of the Peru City Court and was transmitted to the Clerk of the Miami Circuit Court. When the transcript was received by the Clerk of the Miami Circuit Court, he committed two errors which ultimately resulted in the dismissal of the appeal:

(1) He docketed the cause as a criminal action rather than as a civil action, and,

(2) He docketed the cause under the title of "State of Indiana v. James Black," rather than "City of Peru v. James Black".

Appellant contends, and there is no evidence to the contrary, that he did not learn of the Clerk's errors until nine months later when the appellee filed a motion to dismiss the appeal because of the erroneous docketing of the cause. Appellant immediately filed a petition requesting that the Miami Circuit Court direct the Clerk to correct these errors. The court overruled appellant's petition and granted appellee's motion to dismiss the appeal. The Appellate Court affirmed the judgment of the Circuit Court. *Black v. City of Peru* (1968), 240 N. E. 2d 854.

As is pointed out in the opinion of the Appellate Court, the procedure to be used in appeals in civil matters from the Peru City Court is the same as is used in appeals from

judgments of justices of the peace. See Ind. Ann. Stat. § 4-6222 (1968 Repl.). The statutes setting forth this procedure provide:

> "Appeal bond.—The appellant shall, except in cases where the same is dispensed with by law, file with the justice a bond, with security to be approved by the justice, payable to the appellee, in a sum sufficient to secure the claim of the appellee and interests and costs, conditioned that he will prosecute his appeal to affect, and pay the judgment that may be rendered against him in the circuit court." Ind. Ann. Stat. § 5-1003 (1968 Repl.)

> "Filing transcript.—On the filing of such bond the justice shall make out and certify a complete transcript of all the proceedings had before him, and transmit the same, together with such bond and all other papers in the cause, to the clerk of the circuit court to which the appeal is taken, within twenty (20) days thereafter, or, failing so to do, shall forfeit all his costs in the case; but no such appeal shall be dismissed for such failure of the justice, nor for the insufficiency of the bond, if the appellant will file a sufficient bond to the acceptance of the circuit court." Ind. Ann. Stat. § 5-1004 (1968 Repl.)

It is the statutory obligation of the city court to prepare and transmit a transcript, and it has been held that the filing of the transcript in the circuit court is presumptive evidence that the appeal was regularly taken. See *Demaree v. Johnson* (1898), 150 Ind. 419, 49 N. E. 1062; *Unruh v. State ex rel. Baum* (1886), 105 Ind. 117, 4 N. E. 453. There is no contention that the Judge of the city court did not prepare and transmit a transcript of record to the Miami Circuit Court, and the only error on which the dismissal was based was the improper docketing of the case by the Clerk of the Circuit Court.

In *Hutchison v. Wheeler* (1968), 251 Ind. 386, 241 N. E. 2d 261, this court unanimously reversed a dismissal by a trial court where the sole grounds for the dismissal was an uncorrected error made by the Clerk of one Circuit Court in transmitting a transcript to another Circuit Court pursuant to the granting of a motion for a change of venue.

In that case, there was no attempt to correct the defect in the record for over six years. This court held:

> ". . . that *the party to whom a change of venue is granted has no duty to oversee or supervise the clerk of the court* in order to insure transmission of all the necessary papers and records to the county to which the venue is changed. *This involves a purely ministerial duty of the clerk* of the original court, and once the movant has paid the costs associated with the change of venue, he has the right to expect that the entire record and all the papers theretofore filed in the cause will be certified to the new forum" (our emphasis) 241 N. E. 2d at 263.

This rule is to be differentiated from the rule applicable to an appeal to the Appellate and Supreme Courts, where it is the appellant's duty to file a proper assignment of errors and transcript of record.

We believe that the docketing of an appeal to the circuit court by the clerk of that court is a *purely ministerial duty*, and that once the appellant has posted his bond in the city court, there is *no duty on him to oversee or supervise the clerk* in order to insure that the appeal is properly docketed. As soon as the appellant was made aware of the errors made by the clerk, he filed a petition to correct them.

For the foregoing reasons, the petition to transfer should be granted, and the judgment of the Miami Circuit Court should be reversed and the caused remanded with instructions to rescind the order dismissing the action and to grant the appellant's petition to correct the clerk's errors.

Petition to transfer granted.

Judgment reversed.

DeBruler, C.J., Arterburn and Jackson, JJ., concur.

Given, J., dissents with opinion.

## Dissenting Opinion

GIVAN, J.—I agree with the majority in this case that the docketing of an appeal to the Circuit Court by the Clerk of that Court is a purely ministerial duty. Had the appellant exercised due diligence in the prosecution of his appeal he certainly would have been entitled to have obtained an order directing the Clerk to properly perform his duties. However, under the circumstances I am in total accord with the decision of the Appellate Court and would call specific attention to the last paragraph of that Court's opinion wherein it is stated that the burden is on the appealing party to follow, preserve, protect and perfect his appeal.

In this case the appellant had a judgment against him in the Peru City Court, which judgment would stand until he perfected his appeal to the Miami Circuit Court. Certainly, the City of Peru had no interest or duty to see to it that appellant's appeal was perfected. The duty of the City to prosecute the case against the appellant would only arise when and if the appellant through his action obtained a trial setting for a trial *de novo* on the appeal. Under these circumstances, the Miami Circuit Court was acting well within its jurisdiction upon the facts presented in dismissing the appeal in view of the fact that the appellant had allowed some nine (9) months to elapse from the time he had attempted to initiate his appeal until the time of the Court's dismissal. During this period of time appellant had made no effort to correct the ministerial errors of the Clerk of the Court. The Trial Judge was well within his sound judicial discretion in ordering the dismissal. Rule 1-4C of the Rules of this Court reads, in part, as follows:

"1. Whenever no action has been taken in a civil cause for a period of six consecutive months, the court, on motion of a party, or on its own motion, may issue a rule against the plaintiff to show cause by a day certain, if any there be, why said cause should not be dismissed for want of prosecution. . . ."

This Rule was available to the Trial Judge and was applicable to the appellant in this case, even though he was a named defendant in the case, he was a moving party on appeal from the City Court to the Circuit Court and had the burden of diligence in prosecuting his appeal.

I would, therefore, refuse transfer in this case.

NOTE.—Reported in 245 N. E. 2d 329.