BLACK *v*. CITY OF PERU

[No. 20,750. Filed October 14, 1968. Rehearing denied November 8, 1968. Transfer granted March 17, 1969.]

R. M. *Rhodes,* of Peru, for appellant.

*Russell T. Keith and Keith & Berkshire,* of Peru, for appellee.

SMITH, J.— On April 27, 1965, the appellee, City of Peru, Indiana, a municipal corporation, filed an affidavit and complaint in the Peru City Court charging the appellant, James Black, with a violation of the Junk Car Removal Ordinance No. 40, 1964, which ordinance had been duly enacted by the City Council of the City of Peru, Indiana.

The appellant entered an appearance to the action and filed a motion to quash the complaint and affidavit, which motion was overruled by the Judge of the Peru City Court.

On the 18th day of February, 1966, the appellant was arraigned in the Peru City Court. The cause was submitted for trial, evidence was heard, and the court found the appellant guilty as charged and assessed a penalty of $35.00 against the appellant. The appellant informed the Judge of the Peru City Court that he desired to appeal from the judgment rendered by him. Thereafter, a transcript of the proceedings was prepared by the Judge of the Peru City Court, was certified by him, and it was transmitted to the clerk of the Miami Circuit Court. When the transcript was received by the clerk of the Miami Circuit Court, the same was filed by the clerk and entered in the Criminal Docket and Fee Book of the Miami Circuit Court, and was assigned number CR-8-66.

On the 6th day of December, 1966, the appellee, City of Peru, Indiana, filed a motion to dismiss the appeal, which, omitting the caption and signatures, reads as follows:

"Comes now City of Peru, Appellee, and respectfully moves the Court to dismiss this Appeal for the reason that same is a Civil Action to recover a penalty for the Violation of

City Ordinance No. 40, 1964, and said Appeal was erroneously docketed in the Criminal Division of the Miami Circuit Court and given the title of 'State of Indiana vs. James Black,' and the number on the Criminal Docket of 'CR-8-66' ".

On the 8th day of December, 1966, the appellant filed the following petition:

"Comes now the defendant, James Black, and respectfully requests the Court to direct the Clerk of the Miami Circuit Court to correctly perform his ministerial act in docketing this cause, City of Peru vs. James Black, as a civil action and in support of said petition, defendant states:

"1. That the defendant was tried in the City Court of the City of Peru, Indiana, for violation of a junk car ordinance No. 40, 1964, and was found guilty of said violation. That the defendant perfected his appeal by notifying the City Judge who tried said cause that he wanted to appeal to the Miami Circuit Court.

"2. That the City Court then fixed the bond and the defendant posted his cash bond. That the City Judge prepared a transcript and filed the same with the Clerk of the Miami Circuit Court.

"3. That the Clerk of the Miami Circuit Court in the performance of his ministerial act, mistakingly docketed said cause as a criminal action.

"Wherefore, defendant prays that the Clerk of the Miami Circuit Court be directed to perform his ministerial act by correcting the record of the Clerk wherein he incorrectly performed his ministerial act, and to correct the Clerk's records to read the truth, to-wit: that this cause be docketed as a civil action."

On December 27, 1966, the Miami Circuit Court, the Honorable Frank V. Dice presiding, sustained the motion of appellee to dismiss the appeal and overruled the appellant's petition requesting the Judge of the Miami Circuit Court to direct the clerk of said court to docket said appeal as a civil action.

On the 27th day of March, 1967, the appellant filed an assignment of errors, which, omitting the caption and signatures, reads as follows:

"The Appellant, James Black, respectfully shows to the Court that there is manifest error in the judgment and proceedings of the trial court in this:

"1. That the Court erred in sustaining Appellee's Motion to Dismiss the appeal of Appellant from the City Court of the City of Peru, Indiana, to the Miami Circuit Court, of Miami County, Indiana.

"2. That the Court erred in dismissing the appeal of Appellant from the City Court of the City of Peru, Indiana, to the Miami Circuit Court.

"3. That the Court erred in overruling Appellant's Petition requesting the Court to direct the Clerk of the Miami Circuit Court to docket said cause as a civil action.

"4. The Court erred in overruling Appellant's Motion to Reinstate Appellant's appeal from the City Court of the City of Peru, Indiana, to the Miami Circuit Court.

"Wherefore, Appellant prays that the judgment rendered herein be reversed and that said cause be reinstated in the Miami Circuit Court; and for such other relief as Appellant may be entitled to."

Inasmuch as appellant's assignment of errors are interrelated, they will be considered together in this opinion.

Burns' Indiana Statutes Annotated, Sec. 4-6222 (1968 Repl.) reads as follows:

"Appeals from the judgments of such [city] courts may be taken to the superior or circuit courts of the county wherein situated, in like manner as appeals are now taken from judgments of justices of the peace."

It appears that the above statute prescribes the procedure to be used in appeals in civil matters from city courts located in cities of the Fourth class, and the court will take judicial notice of the fact that according to the last preceding United States census, the City of Peru, Indiana, is a city of the fourth class.

The appellant admits that this action is to be considered as a civil action; and it is quite apparent that pursuant to

the above-quoted statute, an appeal from a judgment in a civil action rendered by the Peru City Court shall be perfected in the same manner as an appeal from a judgment rendered by a justice of the peace court.

The manner of taking appeals from a justice of the peace court is prescribed in Burns' Indiana Statutes Annotated, Sec. 5-1001, which reads as follows:

> "Any party may appeal from the judgment of any justice to the circuit court of the county, within thirty (30) days from the rendition thereof; and when there are two (2) or more plaintiffs or defendants, one or more of such plaintiffs or defendants may appeal without joining the others in such appeal."

Burns' Indiana Statutes Annotated, Sec. 5-1003, provides as follows:

> "The appellant shall, except in cases where the same is dispensed with by law, file with the justice a bond, with security to be approved by the justice, payable to the appellee, in a sum sufficient to secure the claim of the appellee and interests and costs, conditioned that he will prosecute his appeal to effect, and pay the judgment that may be rendered against him in the circuit court."

From an examination of the record in the case at bar it appears that a judgment was rendered against the appellant in the Peru City Court on the 18th day of February, 1966; and that thereafter the appellant in open court informed the Judge of the Peru City Court that he desired to appeal, and asked that an appeal bond be set and filed with the Judge of the Peru City Court. The Peru City Court then set the bond in the amount of $100.00 and appellant posted his bond, all of which occurred on the same day the judgment was rendered.

The appellee maintains that in Sec. 5-1004 of Burns' Indiana Statutes Annotated, the language ". . . the justice shall make out and certify a complete transcript of all proceedings

had before him, and *transmit* the same, together with such bond and all other papers in the cause, to the clerk of the circuit court to which the appeal is taken" (emphasis supplied), does not require the justice of the peace to file the same with the clerk of the circuit court, but only requires him to transmit the same to the clerk.

It is the position of the appellee that a party taking an appeal is required to preserve, protect and perfect his appeal. In support of this position the appellee cites the case of *Hunter v. Thomas* (1875), 51 Ind. 44. In substance this case held that on an appeal by the defendant to the circuit court from the judgment of a justice of the peace, if the papers have been lost from the files, and leave has been granted to each party to substitute the papers, and time has been given for such purpose, if the papers are not substituted, a motion of the defendant to dismiss the action should be overruled, and on motion of the plaintiff the appeal should be dismissed. It is the position of the appellee that this language used in the *Hunter* case requires the party taking the appeal to preserve, protect and to perfect his appeal. With this position of the appellee we are in total accord.

The appellee apparently raises no question as to whether the Judge of the Peru City Court did everything required of him by statute to effect the appeal, and in fact admits that he did. The error which the appellee claims was made occurred in the Miami Circuit Court Clerk's office in the docketing of said appeal in the Criminal Division of the court instead of in the Civil Division, and then in failing to name the City of Peru, a Municipal Corporation, as the party plaintiff instead of the State of Indiana. The appellee cites Burns' Indiana Statutes Annotated, Sec. 4-6014 (1968 Repl.), which reads in part as follows:

"All actions brought to recover any penalty for forfeiture incurred under this act, or ordinances made in

pursuance thereof, shall be brought in the corporate name of such city, . . . ."

In answer to this contention the appellant admits that the clerk of the Miami Circuit Court erred in docketing the cause as a criminal action instead of a civil action, and claims that such error was only a "clerical error". The appellee, on the other hand, does not agree with the contention of the appellant that the error was a clerical error, but maintains that it was a fatal error. The appellee maintains that the burden was on the appellant to follow, preserve, and perfect his appeal in the Miami Circuit Court and to make sure that the same was docketed within the time required by statute (which, according to Burns' Indiana Statutes Annotated, Sec. 5-1004, is 20 days) in the proper division of the Miami Circuit Court, with proper parties therein and proper title, and as a civil action and not as a criminal action. In support of this position the appellee cites *Mitchell v. Stephens* (1864), 23 Ind. 466, in which our Supreme Court stated as follows:

". . . . It was the duty of the party taking the appeal to see that a proper transcript was filed, and if the transcript was not perfect, to have the same corrected at the earliest possible moment; and the fact that a perfect transcript was not filed ten days before the first day of the term, will not entitle the party taking the appeal to a continuance. *He [appellant] is asking relief from a judgment already obtained, and he is the one to not only file his appeal bond, but to perfect his appeal. . . . ."* (Emphasis supplied.)

The appellee also states that this principle of law governing appeals was re-affirmed by our Supreme Court in the case of *Davis v. Luark* (1870), 34 Ind. 403. The *Davis* case involved an action wherein a party against whom a judgment was rendered by a justice of the peace was granted leave to appeal to the court of common pleas after the expiration of 30 days, and he failed to perfect his appeal because he failed to request the justice of the peace to certify and make out a transcript of the proceedings in the office of the

clerk of common pleas within a reasonable time. The court in its opinion, in part, spoke as follows:

> "*It was the duty of Davis [appellant] to see that his appeal was perfected by having the order issued and served and causing the justice of the peace to make out and file the transcript of the proceedings and judgment before him, with the original papers, in the office of the clerk of the common pleas. This he should have done in a reasonable time.*" (Emphasis supplied.)

The appellee also contends that the State of Indiana was not a proper party to this action, and the appeal in the Miami Circuit Court was erroneously docketed by the clerk as the State of Indiana v. James Black, instead of the City of Peru, Indiana, a Municipal Corporation, v. James Black. It is our opinion that our law governing appeals requires that the names of the parties in the assignment of errors should be the same and should correspond with the names of the parties in the judgment being appealed from, and that the contention of the appellee is a correct interpretation of the law.

The appellant also maintains that the Judge of the Miami Circuit Court abused his discretion in dismissing appellant's appeal and in denying the appellant's petition to direct the clerk of said court to correct the record or to reinstate the appeal. In answer thereto the appellee contends that the trial court acted within its sound discretion in dismissing the appellant's appeal which had remained erroneously docketed and unattended by the appellant for nine months and nine days through parts of three terms of court until the error was called to the attention of the court in the appellee's motion to dismiss.

In the case of *McFarlan v. Fowler Bank City Trust Co.* (1938), 214 Ind. 10, 12 N. E. 2d 752, our Supreme Court held as follows:

> "Judicial discretion is the option which the judge may exercise between the doing and the not doing of a thing,

the doing of which cannot be demanded as an absolute right of the party asking it to be done. An abuse of discretion is an erroneous conclusion and judgment, one clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. The exercise of a lower court's discretion is not reviewable; it is only the alleged abuse of that power which is reviewable on appeal."

See also *Bailin v. Bailin* (1944), 223 Ind. 7, 57 N. E. 2d 436; *Rogers v. Youngblood, Judge* (1948), 226 Ind. 165, 78 N. E. 2d 633; *Hollingsworth Tool Works v. Review Board, Indiana Employment Security Division* (1949), 119 Ind. App. 191, 84 N. E. 2d 895; *Guraly v. Tenta, et al.* (1956), 126 Ind. App. 527, 132 N. E. 2d 725; *State of Indiana ex rel City of Indianapolis v. Marion County Superior Court #2* (1966), 247 Ind. 385, 216 N. E. 2d 349.

The appellee also claims that the appellant was guilty of laches in not calling the clerk's error to the attention of the court until nine months, nine days had elapsed since the transcript was filed in the offices of the court. In support of this position the appellee has cited the case of *Haas v. Holder* (1941), 218 Ind. 263, 32 N. E. 2d 590, in which case, Judge Shake, speaking for the court, said as follows:

" 'There is no absolute rule as to what constitutes laches or staleness of demand, and no one decision constitutes a precedent in the strict sense for another. Each case is to be determined according to its own particular circumstances. In other words, the question of laches is addressed to the discretion of the chancellor, and his decision will not be disturbed on appeal unless it is so clearly wrong as to amount to an abuse of discretion.' 21 C.J. 217; *Ryason v. Dunten* (1905), 164 Ind. 85, 96, 73 N. E. 74, 77."

It is our opinion that in appeals from a justice of the peace court or city court to a circuit, superior or criminal court, or from a circuit to an appellate or supreme court, or appeals in federal courts from a district court to a circuit court of appeals or the United

States Supreme Court, the burden is on the appealing party to follow, preserve, protect and perfect his appeal. In the case at bar clearly the Clerk of the Miami Circuit Court erred and the appealing party did not, within a time which ordinary men would consider reasonable, request the Miami Circuit Court of the Clerk of the Miami Circuit Court to correct the error in the naming of proper parties and in the docketing of the cause of action as a civil action. Having failed to discharge this burden, and being guilty of carelessness and dilatory in checking the status of his appeal, the appellant is estopped by laches, and the trial court in exercising its discretionary powers did not abuse its discretion in dismissing the appeal. It is our opinion that the judgment of the trial court should be affirmed.

Judgment affirmed.

Bierly, and Pfaff, J.J., concur;

Cook, P.J., not participating.

NOTE.—Reported in 240 N. E. 2d 854.